Hornblower, C. J.
Various causes of demurrer have been assigned in this case, which will be examined and considered in their order. In the first place it is alleged, that although the *515 pleas severally commence by stating that they are pleaded by leave of the court, they do not say “ according to the form of the statute, in such case made and provided.” This allegation is clearly unnecessary; and the want of it, therefore, cannot vitiate the pleas, even onspeeial demurrer. The law of the land allows a party to plead several pleas, and there is no need of making a formal statement of that law; the court is presumed to know it. Ryley v. Parkhurst, 1 Wils. 219; 1 Chit. Pl. 541; 1 H. Bl. 270; 1 B. and P. 413.
The second plea goes to the whole declaration, and says, actio non, because on, &c., the day for delivering the deed, the said farm was not free from incumbrance, but was subject to the dower right of the widow of Barzillai Wright, of and in the farm, to wit, at, &c., and concludes with a verification, but adds no prayer for judgment.
The demurrer to this plea assigns the omission of a prayer for judgment, for cause of demurrer; and I do not see but it must prevail. It is true when a prayer is added, the court will restrict or enlarge it, and give such judgment, as appears upon the whole record to be proper; Le Bret v. Papillon, 4 East. 502; Powell v. Fullerton, 2 Bos. and Pul. 420; 2 Saund. 210 et in note. But nevertheless a plea concluding with a verification, is not complete without a prayer for judgment, and is bad upon special demurrer for that eause.
If our decision upon this point would settle the cause, we might stop here and overrule the plea on this ground alone. But it involves another matter, which is more important, and upon which it is our duty to express an opinion. The principal and important question, raised by this demurrer, is, whether the fact of an existing dower right on the premises, at the day fixed foj delivering the deed, if well pleaded, is a good defence to the action. I must confess I cannot see why it is not. Surely the defendant was not bound to accept and pay for a title he knew to be imperfect, or incumbered, and look to his covenants for indejnr nity. A court of equity would not, under such an agreement as, this, decree a specific performance, with such an incumbrance, on the estate; and why should a court of law permit the plaintiff to recover damages for not accepting and paying for a title, which *516 a court of equity would not compel the defendant to take ? So far from this, where the vendor brings an action for the purchase money, or for damages, for not performing the contract, a court of law will even take notice of equitable objections, to a title, and not permit a plaintiff to recover, Sugd. on Vendors, p. 160. Shaw v. Jakeman, 4 East. 207. Eliott v. Edwards, 3 Bos. and Pul. 181-3. The plaintiff in this case, covenanted to make and deliver “a good and sufficient deed, with covenants of warranty;” in other words, to convey “ a good title,” as was decided by this court, in a case between these very parties; Den ex Dem. Conover v. Tindall; 1 Spencer’s R. 214. In the case of the Duke of St. Albans v. Shore, 1 H. Bl. R. 270; a plea that the plaintiff, after making the agreement, had cut down timber trees, and thereby disabled himself from performing, &c., was, on demurrer, held to be a good plea; and judgment was given for the defendant. I am of opinion therefore, that if the farm, at the time fixed for consummating the contract was incum bered with a dower right, either inchoate or absolute, it would be a good defence if well pleaded.
The plaintiff however has not assigned, as cause of demurrer, the imperfect and general manner in which this matter has been pleaded; and hence the question arises, whether the plea is bad on general demurrer. Upon consideration, I am inclined to think it is. It was argued on the part of the plaintiff, that the defendant ought to have averred a readiness to accept, but for the incumbrance; that if the defendant had interposed that difficulty at the time, the plaintiff might have removed it; and then a court of equity would have decreed a specific performance. But I think the defendant might have pleaded a defect of title, even if it had not come to his knowledge until after he had refused to accept the deed, or even after action brought. It is, in my mind, however, a more substantial objection to the plea that the matter is so pleaded, as not to be capable of being traversed or denied, so as to form an issue. The plea is, that the farm was subject to “ the dower right of the widow of Barzillai Wright.” This is entirely too general and uncertain to admit of a direct answer. Of whose estate was she entitled to be endowed ? Was it of the estate of Brazillai Wright, or in virtue of the estate and seisin of *517 some former husband ? and if the latter, who was he, and when seized ? The right of dower ought certainly to have been so pleaded, that the plaintiff might have denied the seisin or marriage, or have replied any other matter in avoidance of the bar. I am of opinion therefore, that the plea is bad on general demurrer, and must be over-ruled.
The 3d plea, which is also to the whole declaration, is, that at the time of making the covenant, “ the plaintiff had nothing in the farm, whereby he could convey to the defendant a good title to the same, according to the tenor of the agreement.”
This plea is clearly no answer to the declaration. It is an every day occurrence for one having an imperfect title, or no legal title at all, to covenant for the sale and conveyance of premises at a future day. In equity, a vendor, not having a good title at the time of a contract, will have a specific performance, if he procure one before the report. Mortlock v. Buller, 10 Ves. 315. Hepburn v. Dunlop & Co., 1 Wheat. 179.
The 4th plea is actio non, because the plaintiff' was not ready and willing to make nor could he make a good title; and concludes to .the country.
The causes of demurrer assigned to this pica, are, 1st. that it is double. 2diy. It tenders two distinct issues. 3dly. That it tenders an immaterial issue; and lastly that it concludes to the country.
If the averment in this plea, that the plaintiff' could not make a good title, is immaterial, and not traversable, then the plea will be free from duplicity, and amount to nothing more, than a traverse of the material averment in the plaintiff's declaration of his readiness and willingness to deliver the deed. The averment that plaintiff could not make a good title, in such case, would be considered as mere surplusage ; and of course will not vitiate the material part of the plea. Gould’s pi. eh. 8. Part 1, sec. 16. Chit. pi. 232. But anything in itself material, though ill-pleaded, in connection with other material and issuable matter, renders the pleading double. Ib. and Bac. Abr. Pleas, &c. K. 2.
Now, the inability of the plaintiff to make a good title if well pleaded, would be a material and traversable matter; and would seem therefore to render the plea double, according to the rule *518 as just stated. And yet in The Duke of St. Albans v. Shore, I. H. Bl. 270, there was a plea just like the one under consideration, to which, however, the plaintiff made no objection, but replied to it, and of course waived the duplicity, if any, in the plea. I think, therefore, the plea is bad for duplicity. It is also bad for concluding to the country. If a party intend to traverse and take issue on any material averment of his adversary, he must content himself with negativing that averment. He cannot couple the averment with something his adversary has not piit into it; or deny the averment, and something else, to be true, and then conclude to the country. If he does, he puts in issue a matter not affirmed by his adversary. Briscoe v. Hill, 10 Meeson and, Welsby's 12. 735.
The 7th plea is actio non, because “ the house of William Cook, was not the place designated and agreed upon by and between the parties, in the articles of agreement; and concludes to the country.”
If the words “ in the articles of agreement” had been omitted, and if the plea had- been restricted to the first count, it would necessarily have called in question the validity of that count. As it is, the court are not called upon to express any opinion, on the sufficiency of that part of the declaration. But the plea must be overruled for two reasons: 1st, because it goes to the whole declaration, and however faulty the first count may be, it is no answer to any thing contained in the second count; and 2dly, because it denies a matter not alleged in the declaration, and yet concludes to the country.
The 8th plea is, that the plaintiff did not go to the house of the defendant, and make diligent search, &c.; and concludes to the country.
This plea cannot be sustained. It is uncertain and equivocal, The averment in the declaration is, that the plaintiff went to the dwelling house and usual place of abode of the defendant; the plea fails to negative this averment, and in fact evades it, by saying that the plaintiff did not go the house of the defendant. This is no answer to the count, and must therefore, be overruled.
The result is, that all the pleas demurred to are bad, and judgment must be given for the plaintiff.
*519 Randolph J.
This is an action of debt, brought on a written agreement for the sale of a farm, to recover a penalty from the defendant for his not receiving a deed and completing the purchase. ; and the questions before the court arise on demurrers to several of the defendant’s pleas.
The second piea sets up, that at “ the time mentioned in the said articles of agreement, for the delivery of said deed, the said farm was not free from incumbrance, but was subject to the dower right of” &c. In Conover vs. Tindall, 1 Spencer 214, this court decided, that, by the terms of this same agreement, the plaintiff was bound to give to tire defendant not merely « a good and sufficient deed,” but a good and sufficient title, and this principle is further sustained in Carpenter v. Bailey, 17 Wendell 244—where, in an action by the vendor to recover part of the consideration money, a plea of want of title, the agreement being for “a good and sufficient warrantee deed,” was held by the court to be good. If then, this agreement for “a good and sufficient deed,” means a good title, of course the defendant may plead and show in evidence a defective title, whether he was present or absent at the tender; and an averment of readiness to receive a title, but for this objection, is not necessary; for the plaintiff must make such a tender as he can sustain by proof, to make a good title. Absence of the party may waive a personal tender, 25 Wend. 405, 2 Hill 351, but not a defective title,
But this piea, though good in substance, is bad in form; it contains no prayer for judgment. In a pica in bar, the court will sometimes aid a defective prayer, though not in a plea in abatement, but judgment will not be given without a prayer for it, if the objection be properly taken. Saund. R. 97. 1 Chit. Pl. 445, 446 and 539. 3 Term R. 185.
The fourth plea alleges that the plaintiff, at the time for that purpose set forth in the declaration, was not ready and willing to make, nor could he make to the defendant a good title for the said farm, according to the tenor and effect of the agreement as stated in the declaration ; and concludes to the country.
The objections raised are, that the plea is double, raises two issues, and that the subject matter thereof is immaterial. The declaration states, that the plaintiff executed the deed according to the agreement, and, by way of excuse for uot tendering the *520 same to the defendant, alleges that, at the time specified iri the agreement, the plaintiff' went to the place agreed on, for the purpose of delivering the deed to the defendant, and was then and there ready and willing, and proffered himself ready and willing to deliver said deed, in pursuance of said agreement. Now as it has been already determined, that by the terms of the agreement, the defendant had a right to a good title, as well as a good deed, for the premises; and as the object of this plea was to deny the plaintiff’s willingness and readiness to make and deliver a good title, and so to answer the averment in the declaration of the plaintiff’s readiness and willingness to deliver a good deed, the point is material and the plea good, and tendering a proper issue if well pleaded. Is it then double ? If it had simply stated, that the plaintiff was not then ready and willing to make a good title, it would have answered that part of the declaration in its own words, except “ title” being substituted for “ deedand as this variance was authorized by our decision, the issue would have been direct and good. Does then the addition of the words, “ nor could he,” render the plea bad for duplicity ? I think not. Duplicity is when a plea contains two matters, either of which would bar the action, and require a several answer. If in this plea, two such matters be set up, they must be in-readiness to make a good title, and willingness to do so; for they are less the same than ready to make and could make; but as the former terms of readiness and willingness are both averred in the declaration, they may be denied in the plea. Readiness and ability are synonymous ; for if the plaintiff was ready, he could or was able to make a good title ; and if he was not ready he could, not or was not able to do it, and so vice versa ; each allegation sets up the same point and requires the same answer, and so are not double. Even if the allegations were distinct matters, as they form but one answer to that part of the declaration, constitute but one point of defence and require but a single reply, the plea is good, 1 Chit. Pl. 512, 630. 2 John. It 433. But the phrase “ nor could he,” added to the other part of the plea, is mere surplusage, and as such may be rejected without injuring the plea, 1 Chit. Pl. 232, 523. A plea is not bad for duplicity when one matter alleged is a consequence of the preceding allegation; as if one pleadsplene administra *521 wit, and so nothing in his hands, 6 Com. Dig. p. 106, Pleader E. 2. The plea under consideration is copied from 5 Wentworth, 325, where it is taken from the Duke of St. Albans v. Shore. 1 H. Black. 272. In this last case, there were two pleas; to the second there was a demurrer, but on the first, issue was taken to the country; and the only difference between that plea and the one now under consideration is, that in the former the plaintiff alleged that he was capable, ready and willing to make a good title ; and the plea that lie was not capable, ready and willing ; whilst in the latter, the plaintiff says that he was ready and willing to make a good deed according to the agreement; and the plea, that he was not ready and willing, nor could he make a good title according to the agreement. I think the plea is good.
The seventh plea sets forth, that the house of William Cook was not the place agreed on for the delivery of the deed. This plea is bad ; it being to both counts, though the averment of a tender, at Cook’s house, is only made in one count.
The eighth plea is bad, because it assumes to answer what it does not do fully. It does not confess, or deny and traverse the whole matter pleaded, see 1 Chit. Pl. 507. The second count alleges, that the plaintiff, for the purpose of tendering a deed to the defendant, went to his “ dwelling house and usual place of abode” aud made diligent search and inquiry; but the plea says, that the plaintiff did not go to the “ house of the said defendant” —leaving out the words “dwelling aud usual place of abode,” these being the material part of the count, which the plea is designed to answer, as the tender must be made at such a place as is designated in the count, not simply at such a place as the plea designates.
Xevies J. concurred.
Judgment for the plaintiff.