### JOHN H. STEPHENS ET AL. V. A. G. TURNER ET AL.
#### No. 1685.

**1. Judgment Against Partnership—Names of Firm Members.**—In a suit in Justice Court against J. H. D. & Bros., the judgment was rendered against "J. H. D. & Bros.," omitting to give the individual names of the parties, but reciting, that it was rendered against the "defendants and each of them." *Held,* that such omission was an irregularity that did not invalidate the judgment, which was sufficient to support an execution, with sale thereunder of the individual property of J. H. D.

**2. Sheriff's Deed—Description of Property.**—A constable's deed, purporting to be executed in M. County, Texas, described the property conveyed as "lot 13, in block 5, of original plot of city of B."—a place situated in M. County. A writ of attachment had been levied on the lot, pending the suit, and the execution and sale under which the deed was made enforced the attachment lien; and in the return on the writ of attachment, and the execution, the property was fully and correctly described. *Held,* that while the description in the deed is believed to be sufficient, yet the purchaser, grantee therein, acquired title by virtue of a valid judgment, execution, sale, and payment of the purchase money due thereunder, without reference to the deed.

**3. Judgment—Presumption in Favor of.**—Where the original citation with its return has been destroyed, and the return of service as set out in the docket shows that it was served before its issuance, the date shown in the record being an impossible one, it will be presumed on collateral attack that the court had jurisdiction to render the judgment it did render.

APPEAL from Montague. Tried below before Hon. D. E. BARRETT.

*Matlock & Peacock,* for appellants.—1. A deed of conveyance to real estate made by an officer under an execution must contain such a description of the property as will enable the purchaser to find and identify the land by the description given in the conveyance itself, and the court will not take judicial notice that any particular place mentioned in the deed is or is not in a particular county or State,

unless such place be a county seat.   Carson v. Dalton, 59 Texas, 501; Coker v. Roberts, 71 Texas, 601; Norris v. Hunt, 51 Texas, 612; Cleveland v. Sims, 69 Texas, 154; Bitner v. Land Co., 67 Texas, 342; Terrel v. Martin, 64 Texas, 125; Boston v. The State, 5 Texas Civ. App., 385.

2.   A purchaser at execution sale, when the execution is issued against different parties from those named in the judgment under which the execution is issued, acquires no title.   Cleveland v. Simpson, 77 Texas, 96; Norris v. Balkham, 75 Texas, 111; Beetle v. Gursey, 58 Texas, 111; Rogers v. Crawford, 56 Texas, 630; Creswell v. Ragsdale, 18 Texas, 443.

3.   Said judgment is void on its face, because the court rendering it had no jurisdiction over the parties defendant named therein, said judgment having been taken by default and without legal service of citation.   The record itself shows that the court had no jurisdiction of the defendants in the suit.   Fitch v. Boyer, 51 Texas, 336; Murcheson v. White, 54 Texas, 81; Wilkison v. Shoemaker, 77 Texas, 615.

*Sparks & Smith* and *Thomas & McDonald*, for appellees.—1.   A valid judgment, execution, and sale, with the payment of the bid, will vest title in one purchasing at a sheriff's sale, even though no deed or a defective one be given.   Donnebaum v. Tinsley, 54 Texas, 364; Heirs of Logan v. Prince, 66 Texas, 127; Baker v. Klepper, 26 Texas, 629; Flemming v. Powell, 2 Texas, 225.

2.   An execution against J. H. Davis, W. W. Davis, and J. R. Davis, issued on a judgment against J. H. Davis & Bros., and a sale of the property of J. H. Davis had thereunder, is not void, but passes a title to the purchaser that is good on collateral attack.   Williams v. Ball, 52 Texas, 603; Hughes v. Dieven, 50 Texas, 175; Lee v. Crossna, 5 Humph., 281; Freem. on Void Jud. Sales, sec. 25; Freem. on Ex., secs. 42, 43.

TARLTON, Chief Justice.—This appeal is from a judgment recovered in an action of trespass to try title by the appellees, A. G. Turner and H. A. Andruss, against J. H. Stephens, A. L. Matlock, C. L. Herbert, and C. W. Easley, for "lot number 13, in block number 5, in the original town of Bowie, in Montague County, Texas, as shown by the plat of said town of Bowie now on file in the county clerk's office of Montague County, Texas."

On February 30, 1888, J. H. Davis was the owner of the lot in controversy.   The contesting parties claim under him as the common source of title.

On that day S. Daube & Co. brought suit in the Justice Court of precinct number 4, in Montague County, Texas, against J. H. Davis & Bros. Contemporaneously with the institution of this suit, the plaintiffs, S. Daube & Co., caused to be issued a writ of attachment, which was levied upon lot number 13, block number 5, in the town of Bowie, Montague

County, Texas. The property was thus described in the return of the officer who made the levy.

The firm of J. H. Davis & Bros. was composed of J. H. Davis, W. W. Davis, and J. R. Davis, but in the entry of the proceedings in the justice's docket these parties are not referred to in their individual names.

Among the entries on the justice's docket are the following:

"S. DAUBE & Co., Plaintiff,
"v.                                                                    "No. 562.
"J. H. DAVIS & BROS., Defendants.

"Suit upon note for $74.50, of date Sept. 24, 1887, due after date Nov. 1st. Interest 12%. Filed 30 day of Jan., 1888. Citation issued the 30 day of Jany., 1888, returnable to Feby. Term, A. D. 1888, and placed in the hands of C. V. Bray, const. Mailed to the sheriff of ——. Returned duly executed 6 day of Jan., 1888."

The original citation, with the return thereon, had been burned before the trial of this cause. We find that the entry reciting the service as on January 6th was a clerical error, the intention being to show service as on February 6th.

On March 5, 1888, the plaintiffs in the cause above referred to recovered judgment for the sum of $78.25 (the principal and interest due on the note sued on), the judgment concluding as follows: "And it further appearing to the court that a writ of attachment issued on the 30th day of January, 1888, and placed in the hands of W. L. Evans, deputy sheriff, and executed January the 30th, by levying upon lots numbers 1 and 2, in block ——, and lot number 13, in block number 5, original town of Bowie, it is therefore ordered and adjudged by the court, that plaintiff do have and recover of and from the defendants, and each of them, the sum of $78.25 and the cost of this suit, for which let execution issue."

The entries on the justice's docket also showed the issuance of execution on March 17, 1888, and the return thereof on the same day, by levying on lot 13, in block 5, in the original town of Bowie.

The property was sold after advertisement, and at the time and place prescribed by the law with reference to sales under execution, and it was purchased by S. Daube & Co., as the highest bidders, at the sum of $20, which was credited on the judgment.

The original execution, with the return thereon, had been burned before the trial of this cause. In the return on the execution, however, the property was properly described, as it was in the return on the attachment. This conclusion is founded on an admission contained in the record, showing "that the identical lot in controversy had been seized by the constable under the writ of attachment, and that it was sold; that it was properly and correctly described in the return, and was properly and correctly described in the advertisement of sale of the same, and in the execution."

On May 1, 1888, the officer executed a constable's deed to S. Daube & Co., in accordance with the aforesaid judgment and execution, and conveying to them "all the estate, right, title and interest which the said J. H. Davis, W. W. Davis, and J. R. Davis had on the 17th day of March, 1888, or at any time afterwards, in and to the following described premises, viz., lot 13, in block 5, of original plat of city of Bowie."

On August 11, 1892, S. Daube & Co. conveyed the property in controversy to plaintiffs. These proceedings, culminating in this deed, constitute the appellee's title.

The defendants claim under a deed in trust dated December 27, 1887, conveying the lot in question to B. C. Mitchell, as trustee, for the benefit of certain creditors named. This instrument was executed with "the intention on the part of the makers (as found by the trial court and justified by the evidence) to thereby hinder, delay, and postpone their creditors in the collection of their debts, and to enable themselves to retain the possession and control of their property to the exclusion of their creditors. * * * The trust deed was void as against S. Daube & Co."

*Opinion.*—The following conclusions dispose of the several questions presented under appellants' assignments of error:

We are not prepared to concur with appellants in the proposition, that if the validity of the appellees' title depended upon the constable's deed, unaided by the preceding judgment, with the levy of the attachment writ and of the execution, the description of the property conveyed was such as to avoid the deed. The description given in the deed, "lot number 13, in block number 5, of the original plat of the city of Bowie," is accurate, though general. It reasonably appears, therefore, though the name of the county and State are omitted, that the terms of description would be recognized by persons familiar with the property. The deed, executed as it purports to be in Montague County, Texas, and referring to a certain city or town and to a certain lot therein situate, thus correctly describes the property, so as to render it susceptible of easy identification by means of extrinsic testimony, which, under such circumstances, is admissible. Pfeiffer v. Lindsay, 66 Texas, 125.

In the recent case of Smith v. Crosby, 86 Texas, 17, the conclusion is announced by Chief Justice Stayton, that the description is sufficient where it is accurate, though general, and where it is sufficient to provide the debtor, the creditor, and the public with the means of ascertaining the particular land or interest to be sold, by the exercise of that diligence usually exerted by one contemplating a purchase in the examination of the title and the ascertainment of value. Extrinsic evidence, under such circumstances, would seem to be admissible to aid the description given in the process.

The description above referred to is not such as would apply as well to any other lot or lots. Allday v. Whitaker, 66 Texas, 669.

Without committing ourselves to the holding that the description in the deed is sufficient, in this case, under our findings of fact, the title of the plaintiffs was supported by a valid judgment, execution, and sale, accompanied by payment of the purchase money; and these conditions fulfilled, constitute a title sufficient to enable the appellees to maintain their case, without reference to the deed dependent upon them. Donnebaum v. Tinsley, 54 Texas, 362; Heirs of Logan v. Pierce, 66 Texas, 127.

The description of the defendants in the judgment as J. H. Davis & Bros., without giving the individual names of the partners, is an irregularity which does not invalidate the judgment. Smith v. Chenault, 48 Texas, 455; Fitch v. Boyer, 51 Texas, 341; Cooke v. Avery, 147 U. S., 391. The execution issued on this judgment could not be produced, having been lost or destroyed. The presumption in favor of the regularity of the officer's acts should probably be indulged, that it directed a levy upon the property of the defendants in the judgment, J. H. Davis, W. W. Davis, and J. R. Davis. The judgment as rendered would support such an execution. Smith v. Chenault, supra.

Be this as it may, however, the judgment was in terms against the "defendants and each of them." It was therefore against J. H. Davis, individually named therein, and the owner of the property sold under execution issued correctly and necessarily as to him. Against him, at least, the writ properly ran, and a conveyance of his property was sufficient to establish appellees' title.

Besides, the fact is not to be overlooked that a valid writ of attachment was levied upon the property in controversy; the return thereon describing the property accurately and specifically, and that by such levy a lien was created in favor of appellees' vendors upon the property, and that it was preserved by the recital of the issuance and levy of the attachment and the sale under execution, which must be referred to the issuance of the attachment and the fixing of the lien in the first instance. Sayles' Civ. Stats., art. 180a. As in the levy of the writ of attachment and in the return thereon the property was fully described, it is not believed that the omission to fully describe the property in the judgment recital of the levy would affect the validity of the attachment and execution process.

As indicated by our conclusions of fact, it reasonably appeared that the date, the *6th day of January, 1888,* was intended for the *6th day of February, 1888.* The original citation could not be produced. The 6th day of January is, under the circumstances, an impossible date, since the suit was filed January 30th, and citation issued on that day. If mistaken in the conclusion that the real date of the service was February 6th, it must nevertheless be held that the 6th day of January was not the proper date; and if it does not appear when the service

was had, the presumption would be indulged on collateral attack that the court had jurisdiction to render the judgment which it did render. Williams v. Ball, 52 Texas, 603; Long v. Brenneman, 59 Texas, 212; Holmes v. Buckner, 67 Texas, 108; Hance v. Wharf Co., 70 Texas, 115; Wilkerson v. Schoonmaker, 77 Texas, 615.

The evidence established title in the plaintiffs, and they properly prevailed. The judgment is affirmed.

*Affirmed.*

Delivered February 19, 1895.