[Civ. No. 5106.   Third Appellate District.—July 2, 1934.]

A. A. MATHEWS et al., Appellants, v. M. TANNEN-BAUM et al., Respondents.

McKenna & McKenna and N. O. Byers for Appellants.

Lissner, Roth & Gunter, Louis M. Lissner and I. H. Prinzmetal for Respondents.

GANS, J., *pro tem.*—To the fourth amended complaint a demurrer was sustained without leave to amend. The appeal is from the judgment sustaining the demurrer.

The said complaint alleged in substance as follows: That the Golden States Metals Refining Company, Inc., was, on June 15, 1928, a corporation; that said corporation was dissolved by the superior court on or about May 1, 1929, and its assets were distributed to the defendants as trustees; that on June 15, 1928, said corporation and plaintiffs en-

tered into an agreement in writing for the sale and purchase of certain land in Huntington Park, California. This land was described as having a frontage of 65 feet on Laura Avenue and 150 feet on Regents Street. The consideration was to be the sum of $11,846.71, to be paid through an escrow. The seller was to furnish a certificate of title insurance showing the lands free and clear of any encumbrance, and was to execute a "good and sufficient deed" of said lands conveying a marketable title. That the plaintiffs paid the purchase price into escrow as agreed, and that they fully complied with said agreement on their part. That on July 20, 1928, the said corporation delivered to plaintiffs a deed describing a parcel of land by lot and block number, and fronting only 50 feet on Laura Avenue, and only 140 feet on Regents Street, together with a certificate of title insurance for the smaller tract. That said corporation was never the owner of a tract as described in the contract, and was never able to convey such tract to plaintiffs. That at the time of the execution of the contract the defendants, who were both stockholders and directors and officers of said corporation, and were conducting its affairs, well knew that said corporation did not have, and could not deliver title to the parcel of the size described in the contract, and at the time the corporation accepted the purchase price, they well knew the corporation had no title to, and could not convey or furnish title to plaintiffs of or for such parcel. That plaintiffs relied on the representations of the corporation that it could convey title, and had no knowledge at the time they paid the sum of $11,846.71 into escrow that said corporation could not convey said lands, as described in said agreement.

That immediately upon receipt of said deed and the discovery of the discrepancy in size of the parcel of land as aforesaid, on or about July 20, 1928, plaintiffs tendered to said corporation a "good and sufficient deed conveying the land so conveyed to these plaintiffs by said corporation, and tendered to the said corporation a conveyance of every right, title or interest or thing received by plaintiffs by reason of the said deed, and by reason of the contract made on the 15th day of June, 1928, and then and there demanded that said corporation return to these plaintiffs the said sum of $11,846.71 paid as the purchase price of the said lands".

That the corporation, acting through the defendants as its trustees, requested plaintiffs to extend time to it, and it would secure for the plaintiffs a conveyance of the size of the land described in the contract; and that thereafter on many occasions plaintiffs repeated their demands for a reconveyance or refund of cash, and on each such occasion said corporation asked for further time, promising that it would secure title and make conveyance of the land as described in said agreement, and plaintiffs consented to these extensions from time to time until they became aware that the corporation could never secure a parcel of the size agreed upon. And so, on or about December 3, 1929, plaintiffs being convinced that defendants neither could nor would convey a tract of the size agreed upon, made demand in writing upon defendants that within ten days they refund to plaintiffs the said purchase price and the taxes and assessments paid by plaintiffs on the property conveyed to plaintiffs since July 20, 1928, and "offered to convey to the said defendants all right and interest they, or either of them had acquired in or to the said lands by reason of the said contract or said deed so made by the said corporation, and to deliver a good and sufficient conveyance to the said defendants of same, on payment to the said plaintiffs of the said sums so paid by these plaintiffs on or under the terms of said agreement" of June 15, 1928.

That defendants failed and refused, for more than ten days after service on them of the said demand and offer, to pay to plaintiffs, or either of them, the said sums so paid by plaintiffs, or any part of .same, and still retain said sums, and the whole thereof, and refused, and still refuse to pay said sums.

That the defendants and said corporation have wholly failed to comply with the agreements of said contract of June 15, 1928, on their part to be kept. That the plaintiffs have paid in all some $367.48 for taxes and assessments on said land; that said land is now, and has been, ever since the making of said contract, in the same condition as it was on June 15, 1928, and plaintiffs have neither encumbered said land nor caused or permitted waste thereon; and plaintiffs have been, ever since July 20, 1928, able, ready and willing to restore said land in the same condition as when conveyed to them. That plaintiffs tender any sums

determined by the court to be equitable for use or occupation of said land by plaintiffs since July 20, 1928. That plaintiffs tender everything they have received from defendants, or have, or may have, by reason of said contract or deed to plaintiffs, on repayment to them of the sums expended by plaintiffs under said agreement, and for taxes, etc., as aforesaid. The demurrer filed is both general and special, the latter alleging several uncertainties.

In their brief, respondents rest their attack upon the complaint on several points or grounds, as follows: First: May a court rescind an executed sale of land at the instance of the purchaser upon the grounds of partial failure of consideration?

The original agreement was to convey a certain parcel of land of a given stated size. This was never done. Immediately upon receipt of their deed, which came to them through an escrow, the purchasers made an immediate objection thereto, and a demand for performance or return of their money. Through the negotiations following, which were had at request and instance of the sellers, purchasers maintained their same position. They paid certain taxes and assessments for the protection of the property, as they allege. It may not be said that they ever approved the title or accepted the deed, or that the contract of sellers was ever executed on the part of the sellers. This distinguishes this case from those cited by counsel in their brief.

Conceding the application of the rule cited, in a proper case, it is sufficiently clear that this is not such a case. (*Craig* v. *White,* 187 Cal. 489 [202 Pac. 648].)

The second point is based upon the premise that the purchasers accepted the deed. Such is not the case presented by this complaint, and hence, whatever merit there be in the contention that where a deed is accepted, the purchaser may not later complain that it did not comply with the terms of a prior executed agreement, and that the agreement and all prior negotiations are merged in the deed, that principle does not apply in this case. The deed being not accepted by the purchasers, they stand upon different ground than that furnished by *Bryant* v. *Swain,* 56 Cal. 616, *Gaffey* v. *Welk,* 46 Cal. App. 385 [189 Pac. 300], and other cases cited from other states.

■ Third: Does a failure to allege a tender of rents, issues and profits warrant the sustaining of the demurrer? If it be true that tender of such sums should have been made, seller had opportunity to object to the form of tender, and did not do so, and made no° demand for such sum, and under section 1501 of the Civil Code this objection should be held as waived. (*Winkler* v. *Jerrue,* 20 Cal. App. 555, 561 [129 Pac. 804]; *Kofoed* v. *Gordon,* 122 Cal. 320 [54 Pac. 1115]; *Latimer* v. *Capay Valley Land Co.,* 137 Cal. 286 [70 Pac. 82]; *Shermaster* v. *California Building Co.,* 40 Cal. App. 668 [181 Pac. 409].)

■ Fourth: Does laches appear upon the face of the complaint? The action to rescind was taken within reasonable time, and delay in this matter was due to negotiations at the instance of vendors, who were endeavoring to procure title to the additional land they thus admit being obligated to convey. This delay cannot be charged to vendees. (*Promis* v. *Duke,* 208 Cal. 420 [281 Pac. 613]; *French* v. *Freeman,* 191 Cal. 588 [217 Pac. 515].)

■ Fifth: Have plaintiffs ratified the sale by payment of taxes and assessments upon the land after discovery of the alleged failure of consideration?

Purchasers were engaged in negotiations seeking the return of their money or conveyance of the amount of land agreed upon, and these negotiations and all of the delay were had by special request and repeated request of vendors. Payment of taxes that intervened was for the protection of vendors as well as vendees, and to enable vendees to reconvey the land as it was received by them, free and clear from lien or encumbrance. This was not such an act of ownership as evinced an intention to abide by the contract which they were seeking to have performed.

■ Sixth: Should the fact that three prior demurrers had been sustained, and this demurrer to the fourth amended complaint was sustained without leave to amend, deter the court from disturbing the action of the lower court because no request to amend was made?

The fourth amended complaint was filed and demurrer thereto considered by the court, being now on appeal. This complaint recites that it is filed by stipulation and leave of court. There is nothing in the record presented show-

ing that no leave to amend was asked, and this court must presume that all that was necessary in that matter was done.

■ Seventh: The matters presented as matters of uncertainty have no merit warranting a demurrer sustained without leave to amend. The words "goods and sufficient" applied to the deed sufficiently describe it for the purpose of a tender. No objection was made on account of the form of tender. Under such offer the purchasers obligated themselves to make conveyance sufficient to pass their title, whatever it might be, back to the vendors. (Words and Phrases, vol. 4, pp. 3109, 3110.) Tender of every right, title, interest or thing received is a tender of everything received. That should be, and was sufficient. (*Fountain* v. *Semi-Tropic L. & W. Co.*, 99 Cal. 677 [34 Pac. 497] ; *Dunger* v. *Whitney*, 92 Cal. App. 216 [267 Pac. 933].)

The judgment is reversed, and the trial court is directed to overrule the defendants' demurrer to plaintiffs' fourth amended complaint, with leave to defendants to file an answer within such time as may be deemed reasonable.

Pullen, P. J., and Plummer, J., concurred.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 30, 1934.