201 P.2d 777

HUGH K. GALE POST NO. 2182 VETERANS OF FOREIGN WARS, OF FARMINGTON v. NORRIS.

No. 5109.

Supreme Court of New Mexico.

Jan. 5, 1949.

Louis C. Lujan, of Albuquerque, for appellant.

Paul B. Palmer and J. Murray Palmer, both of Farmington, for appellee.

BRICE, Chief Justice.

This is an action in equity instituted to compel the appellant (defendant) as a trustee ex maleficio to "pass the title" of certain land to plaintiff, which plaintiff alleges was bought by defendant in trust for it. From a decree for plaintiff this appeal is prosecuted. The substance of the material facts found by the trial court, or admitted in the pleadings, is as follows:

The plaintiff is a duly organized and existing post of the Veterans of Foreign Wars, numbered 2182, with headquarters in Farmington, San Juan County, New Mexico. Appellant (defendant) was at all material times a member of plaintiff association. While such member and acting as an officer (adjutant) of plaintiff, he was appointed with another (which appointment he accepted) as a committee to locate property to be purchased as a home for plaintiff. The other member, Fred Barnett, talked with the owner of certain lots in the town of Farmington and informed the defendant that these lots could be purchased for plaintiff. Upon receiving such information defendant went to the owners, Dr. and Mrs. J. E. Reece, and represented to them that he wished to purchase the lots for plaintiff; that he would advance the purchase price and hold them for plaintiff until such time as plaintiff could repay him, at which time he would convey the lots to plaintiff.

Relying upon these representations Dr. Reece and wife, without specific direction from defendant as to whom to make grantees in the deed, executed a deed conveying the lots to defendant and wife, and the survivor, as joint tenants. The defendant paid the purchase price of $1000, an amount considerably less than the market value of the property, and accepted by Dr. Reece and wife upon the distinct understanding that the defendant was acting, and purchasing the lot, for the plaintiff. The plaintiff relied upon the defendant to purchase the property in question for it; left the negotiations with him and made no other effort to acquire the property. After the defendant had acquired the legal title to the property in his own and in his wife's name as joint tenants, he stated to various persons that it was bought for the benefit of plaintiff and that he would convey the lots to plaintiff as soon as it could repay him the money he had advanced for its purchase.

Demand was made upon defendant for a conveyance of the lots to plaintiff and he was offered the amount of the purchase price together with interest thereon at the rate of six per cent per annum, but defendant refused to convey the lots to plaintiff.

Plaintiff is willing and able to repay to defendant the amount of the purchase price for the lots, together with six percent interest thereon from the date of the purchase to the date of filing plaintiff's complaint herein, which the court finds to be just and reasonable.

The court concluded that there was a relation of trust and confidence between defendant and plaintiff; that the defendant by accepting the office of adjutant of plaintiff, and by acting as such, became charged with a position of trust; that by accepting appointment upon the committee to secure suitable property for a home for plaintiff he accepted a position of trust and confidence in all matters pertaining to the negotiations for, and the purchase of, the property in question; that in representing to Dr. and Mrs. Reece that he was acting for the plaintiff in purchasing the property he thereby became a trustee for such purpose. The defendant's failure and refusal to convey the property to plaintiff is wrongful, illegal, and constitutes a breach of trust; that plaintiff is entitled to receive a conveyance of the property upon the payment of the purchase price of $1000 and six per cent interest per annum from the date of purchase until the date of the filing of plaintiff's complaint herein.

Thereupon the trial court entered judgment for the plaintiff, in which it was ordered and decreed:

"* * * that the defendant, Chester A. Norris, be and he hereby is ordered to convey to the plaintiff, Hugh K. Gale Post #2182, Veterans of Foreign Wars, of Farmington, New Mexico, by good and sufficient warranty deed, with abstract of title thereto, Lots 6 to 10 inclusive of Block 11, Original Townsite of Farmington, New Mexico;

"Such conveyance to be made conditionally, only, upon the payment by the said plaintiff to the said defendant of the sum of $1,000 with interest at 6% from the 27th day of April A. D. 1945 to the 7th day of May 1946;

"And the plaintiff is hereby given until August 26, 1947 from the date hereof to tender to the said defendant the above required principal sum, plus interest from the time of judgment at 6%."

It is asserted by defendant that the plaintiff was without capacity to sue, in that it is an unincorporated association. This may be true, but the question was not raised by motion before answer, or by answer; and not until the parties had appeared to begin the trial of the case on its merits. The trial court held that it was then too late to entertain the motion to dismiss upon

that ground. Sec. 19-101 (12) (h), Rules of Civil Procedure, N. M. Sts. 1941, is as follows:

"A party waives all defenses and objections which he does not present either by motion as hereinbefore provided or, if he has made no motion, in his answer or reply, except (1) that the defense of failure to state a claim upon which relief can be granted and the objection of failure to state a legal defense to a claim may also be made by a later pleading, if one is permitted, or by motion for judgment on the pleadings or at the trial on the merits, and except (2) that whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject-matter, the court shall dismiss the action. The objection or defense, if made at the trial, shall then be disposed of as provided by Rule 15(b) in the light of any evidence that may have been received."

Except when the jurisdiction of the court is involved, a question of the capacity of the plaintiff to sue must be raised by motion or answer. It is waived after answer filed. This was the law before the adoption of our rule cited. McCandless v. Furlaud, 293 U.S. 67, 55 S. Ct. 42, 79 L.Ed. 202; State ex rel. Missouri State Highway Board etc., v. Cox, 318 Mo. 387, 1 S.W.2d 787; 47 C. J. "Parties," Sec. 345; 39 A.J. "Parties" Sec. 106.

An unincorporated association is not a partnership, although rated as one, insofar as its capacity to sue and be sued is concerned. Chastain v. Baxter, 139 Kan. 381, 31 P.2d 21; 7 C.J.S., Associations, § 1(3).

The trial court was not without jurisdiction, and the judgment is not void. Spaulding Mfg. Co. v. Godbold, 92 Ark. 63, 121 S.W. 1063, 29 L.R.A.,N.S., 282, 135 Am. St. Rep. 168, 19 Ann.Cas. 947; Foreman v. Weil et al., 98 Ala. 495, 12 So. 815; Easterwood v. Burnitt, 59 Tex.Civ.App. 521, 126 S.W. 934; Gilman v. Cosgrove, 22 Cal. 356; Smith v. Chenault, 48 Tex. 455; Stephens v. Turner, 9 Tex.Civ.App. 623, 29 S.W. 937; Frisk v. Reigelman, 75 Wis. 499, 43 N.W. 1117, 44 N.W. 766, 17 Am.St.Rep. 198; 40 A.J. Partnership, Sec. 432. A decree in an action in equity prosecuted in the name of a partnership alone is not void, although the defendant is a member. 7 C.J.S., Associations, § 37.

The defendant attacked the court's finding of fact by the following assignment, "The court erred in granting plaintiff's requested findings of facts No. 1 through No. 13, inclusive."

It seems the court adopted plaintiff's thirteen requested findings of fact. This assignment of error cannot be considered for two reasons: First, it is too general (Lea County Fair Ass'n v. Elkan, 52 N.M. 250, 197 P.2d 228), and, second, the alleged errors are not argued or presented for our consideration in defendant's

brief. Robinson v. Mittry Bros., 43 N.M. 357, 94 P.2d 99.

The plaintiff filed a request for a number of findings of fact, all of which, two excepted, were refused by the court. We cannot consider this assignment because the substance of all the evidence pertaining to such requested findings was not set out in the brief as provided by Supreme Court Rule 15, subsec. 6. 1941 Comp. § 19-201. As we have often said, we will not search the whole record to determine whether a finding of fact is supported by substantial evidence, or whether a requested finding is supported by such evidence as will authorize this court to require that it be added to the findings of fact made by the trial court. Medler v. Henry, 44 N.M. 275, 101 P.2d 398, 403. Unless the record establishes that a requested finding of fact is within the rule adopted in this decision, the refusal of the district court to make such finding will not be reviewed by us. We stated in the Medler case:

"From the New Mexico cases discussed, we believe the rule in this jurisdiction to be that the testimony of a witness, whether interested or disinterested, cannot arbitrarily be disregarded by the trier of the facts; but it cannot be said that the trier of facts has acted arbitrarily in disregarding such testimony, although not directly contradicted, whenever any of the following matters appear from the record:

"(a) That the witness is impeached by direct evidence of his lack of veracity or of his bad moral character, or by some other legal method of impeachment.

"(b) That the testimony is equivocal or contains inherent improbabilities.

"(c) That there are suspicious circumstances surrounding the transaction testified to.

"(d) That legitimate inferences may be drawn from the facts and circumstances of the case that contradict or cast reasonable doubt upon the truth or accuracy of the oral testimony."

In Greenfield v. Bruskas, 41 N.M. 346, 68 P.2d 921, 925, we said: "It is error for a trial court to refuse to make a finding of fact requested by a party to the suit, which is abundantly supported by uncontradicted testimony, and particularly by that of the principal witness and wife of the opposing party, against whom the finding would operate."

As stated, we have nothing in the brief to indicate that there is any testimony which will bring the requested findings within the rules stated in these cases. Necessarily, the findings made by the court are the facts upon which the judgment rests here. In re White's Estate, 41 N.M. 631, 73 P.2d 316.

The defendant asserts that the trial court erred in not dismissing the action upon his motion made after the complaint was amended showing title was taken to the property in the name of the defendant and

his wife, and not in the name of defendant alone. The following colloquy between counsel and the court is enlightening:

"Mr. Lujan (for defendant): At this time the defendants object to the requested amendment for the reason that there is no allegation in the complaint that there is any connection between the wife of Chester Norris and the plaintiffs. Second, for the reason that the said wife of Chester A. Norris is not a party defendant to this case. And there are no objections to the other two.

"Mr. Jeffries (for defendant): You are not moving to join another defendant?

"Mr. Murray Palmer (for plaintiff): No, it is an amendment of facts as we know them to be. The deed was taken in his wife's name, which we did not know at the time.

"Mr. Lujan: Your Honor, if they are questioning a deed taken by Mrs. Norris and are asking for a reconveyance, Mrs. Norris would have to join in a reconveyance, and she is a proper party defendant in this case, and she doesn't have any connection with the case. I can't see how they expect to get Mrs. Norris to sign a deed.

"Court: You mean to say if the amendment is allowed by the Court the Court would, of necessity, have to allow an amendment making Mrs. Norris a party defendant also?

"Mr. Lujan: I think, for the reason we will divulge at this time, that the deed was taken as joint tenants, not as tenants in common.

"Court: Well, would you have any objection to the Court allowing the amendment and making an amendment making her a party defendant?

"Mr. Lujan: We would move to dismiss as to her because there is no allegation as to her that she made any agreement to buy. Their complaint, as it stands now, would wholly fail to allege anything against her to make her liable to recovery.

"Court: Alright, now, what have you to say about that, Mr. Palmer?

"Mr. Murray Palmer: We, Your Honor, are merely asking to amend to the extent of showing—making the complaint conform to what we know to be the facts now. It wasn't known at the time the complaint was drawn, and we now understand the deed was executed to Chester A. Norris and his wife.

"Court: Suppose the Court sustained you in the suit and there is only one plaintiff and the Court should order Mr. Norris to deed that property to the plaintiff without Mrs. Norris. If Mrs. Norris is party to that deed, the judgment would be effective only as to Mr. Norris and not Mrs. Norris.

"Mr. Jeffries: That would be our position, it could affect no liability of Mrs. Norris.

"Mr. Lujan: They didn't take it as community property, they took it as joint tenants. ......

"Court: Well, of course, the defendants can't state to the plaintiffs how they should file their suit, and they certainly ought to know what they are doing. Plaintiffs are here represented by counsel and if they see fit to proceed in this manner and later find themselves to be in error, they are coming into Court with their eyes open, so it's up to the plaintiff. What do you gentlemen want to do?

"Mr. Murray Palmer: We asked for the amendment, Your Honor.

"Mr. Jeffries: We feel we have a right to move to dismiss because a necessary party was not joined.

"Court: That would not be ground for a motion to dismiss.

\* \* \* \* \* \*

"Court: The amendment will be allowed. I take it that the attorneys for the plaintiff know what they are doing. If later they find themselves in the middle of the river that's their fault."

We think the defendant fairly raised the question of whether the defendant's wife, Ruby B. Norris, is an indispensable party to the prosecution of this suit.

The deed introduced in evidence shows that Dr. Reece and wife conveyed the property in suit to "Chester A. Norris and Ruby D. Norris, husband and wife, and to the survivor, as joint tenants and not as tenants in common."

If the property was paid for by community funds, there may be some question as to the tenure under which it is in fact held. McDonald v. Lambert, 43 N.M. 27, 85 P.2d 78, 120 A.L.R. 250. Also, according to the testimony of both Dr. Reece and defendant, Dr. Reece had the deed prepared and included Mrs. Norris as one of the grantees without instructions from any one.

We are here confronted with the question of whether Mrs. Norris is an indispensable party to this action, a suggestion made by defendant after the trial on the merits was started. The trial court seems to have been of the opinion that she was, and suggested that she be made a party defendant; but plaintiff declined to follow the suggestion.

█ Mrs. Norris has the legal title to an interest in this property. The trial court has ordered the defendant to convey it to plaintiff "by a good and sufficient warranty deed, with abstract of title thereto"; which in effect requires the defendant to convey a marketable title. Story v. Conger, 36 N.Y. 673, 93 Am.Dec. 546; Conover v. Tindall, 20 N.J.L. 513; Hall v. McKee, 147 Ky. 841, 145 S.W. 1129; Mathews v. Tannenbaum, 139 Cal.App. 500, 34 P.2d 233; Raddatz v. Christner, 103 Neb. 621, 173 N.W. 677; New York, N. H. & H. R. Co. v. Butter, 276 Mass. 236, 176

N.E. 797. There are cases which hold that the phrase "good and sufficient warranty deed" has reference to the form of the deed only, Louisville & N. R. Co. v. Shepard, 126 Ala. 416, 28 So. 202, 203, Seaboard Air Line R. Co. v. Jones, 120 S.C. 354, 113 S. E. 142, 144; but we approve the first rule stated.

 The trial court's decree in effect determines the title to property in favor of plaintiff, the legal title to which is in one not a party to this suit. She is an indispensable party to this action. Her husband might compel her to join him in the required deed, but that would deprive her of her day in court. It is never too late to raise objection to the jursidiction of the court for the want of an indispensable party. Craig v. Craig, 264 Pa. 380, 107 A. 719; 39 A.J. "Parties" Sec. 5.

Being an indispensable party, whose rights are affected by the decree, the court was without authority to enter it in her absence as a party. American Trust & Savings Bank v. Scobee, 29 N.M. 436, 224 P. 788; Burguete v. Del Curto, 49 N.M. 292, 163 P.2d 257; Shields v. Barrow, 17 How. 130, 15 L.Ed. 158.

The decree is reversed and cause remanded to the district court with instructions to set aside its decree and grant to defendant a new trial; to permit such amendments of pleadings and to make such additional parties as to the court shall be deemed proper in the premises.

It is so ordered.

LUJAN, SADLER, McGHEE, and COMPTON, JJ., concur.