This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**BAC HOME LOANS SERVICING, LP**
**f/k/a Countrywide Home Loans Servicing, LP,**

Plaintiff-Appellee,

**vs.**                                                    **No. 31,634**

**JO B. HENDERSON-STILL;**
**MICHAEL P. STILL; U.S. BANK**
**NATIONAL ASSOCIATION, ND;**
**and JOHN DOE AND JANE DOE (true**
**names unknown), tenants,**

Defendants-Appellants.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**C. Shannon Bacon, District Judge**

Susan C. Little & Associates, P.A.
Susan C. Little
Albuquerque, NM

for Appellee

Jo B. Henderson-Still
Michael P. Still
Albuquerque, NM

Pro se Appellants

**MEMORANDUM OPINION**

**GARCIA, Judge.**

Defendants Jo B. Henderson-Still and Michael P. Still appeal, pro se, from a district court order denying their motion to dismiss a foreclosure complaint. We issued a calendar notice proposing to affirm. Defendants have responded with a memorandum in opposition. We affirm.

A default foreclosure judgment was entered on August 17, 2010. [RP 61] In January 2011 Defendants filed a motion to set aside that judgment. [RP 120] The motion was denied on June 28, 2011. [RP 242] Defendants then filed a motion to dismiss the complaint, alleging that Plaintiff lacked capacity to sue. [RP 245] The motion was denied. [RP 294]

As we indicated in our calendar notice, the issue of a plaintiff's capacity to sue is waived if not raised by motion or answer. *Hugh K. Gale Post No. 2182 VFW v. Norris*, 53 N.M. 58, 62, 201 P.2d 777, 779 (1949). "It is waived after answer [is] filed." *Id*. We are bound by this Supreme Court precedent. *See Alexander v. Delgado*, 84 N.M. 717, 718, 507 P.2d 778, 779 (1973) (holding that Supreme Court precedent controls).

As we stated above, a default judgment was entered in this case; thus no answer was ever filed. We note, however, that Defendants did not raise the standing issue in their motion to set aside the default judgment and the accompanying brief. [RP 120-21] Defendants acknowledge that they first raised the issue in their reply to the response to their motion to set aside the default judgment. [MIO 4] That motion was denied on June 28, 2011. [RP 242] We therefore conclude that Defendants had waived their standing issue by waiting to raise it until after a post-judgment motion had been denied. We also note that the fact that they are pro se will not persuade us to overlook the timeliness issue. *See Newsome v. Farer*, 103 N.M. 415, 419, 708 P.2d 327, 331 (1985) ("Although pro se pleadings are viewed with tolerance, . . . a pro se litigant, having chosen to represent himself, is held to the same standard of conduct and compliance with court rules, procedures, and orders as are members of the bar." (emphasis omitted)).

For the reasons set forth above, we affirm.

**IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____

2

**JAMES W. WECHSLER, Judge**

_____

**CYNTHIA A. FRY, Judge**