DAVID COOPER, Appellant, against JAMES STINSON, Respondent.

APPEAL FROM THE DISTRICT COURT OF RAMSEY COUNTY.

The Statute (*Comp. Stat., p.* 578, *sec.* 9,) providing for the allowance of expen: s for printing papers in appeal, does not authorize such allowance when prepared in any other way.

*By the Court*—FLANDRAU, J.　The counsel for the Appellant being successful in this Court, claims to recover, as one item of his disbursements, the amount paid for preparing his paper books for the Court.　The books were not printed but written.　The Statute (*Comp. Stats.*, 578, *sec.* 9,) provides as follows:

"The Clerk must insert in the entry of judgment　*　*　* the necessary disbursements, including the fees of officers allowed by law, the fees of witnesses, the necessary expenses of commissions, the compensation of referees, and the expense of printing papers on appeal."

The word "including," as used in the above provisio of Statute does not necessarily confine the items of disbursements recoverable to those enumerated, but the special provision for "printing papers on appeal," does exclude the idea of a recovery for such papers, when prepared in any other way.

We have decided in the case of *Hart vs. Caldwell*, 4 *Minn. R.*, 552, that a party may recover for printing his papers on appeal; we now decide that he can only recover for such papers when printed.