[No. 6,990—Department One.]

## ALONZO W. BRYAN *v.* H. B. SWAIN.

VENDOR AND VENDEE—PERFORMANCE OF CONTRACT—DEED—MERGER.—The plaintiff agreed to sell land to the defendant, an l to convey a good title; and afterwards made a deed which was accepted by the defendant as a performance of the contract. The title to part of the land was in the United States, but the defendant knew that fact when he accepted the deed. ·*Held*, that the rights of the defendant depend on the deed, and not on the previous contract, the latter being merged and extinguished by the former.

GRANT, BARGAIN, AND SALE DEED—COVENANT.—The fact that the title to the land conveyed by a grant, bargain, and sale deed stands in a third person does not constitute a breach of the covenants implied in such deed.

ID.—ID.—Nor does such fact constitute a breach of an express covenant for quiet enjoyment contained in the deed, if the grantee enters and remains in the undisturbed possession of the land.

APPEAL from a judgment, and from an order denying a motion for a new trial, in the Sixth District Court, County of Sacramento. DENSON, J.

*Samuel Cross*, and *J. H. McKune*, for Appellant.

*L. S. Taylor*, for Respondent.

MORRISON, C. J.:

On the 10th day of August, 1876, plaintiff entered into an agreement with defendants, by the terms of which he agreed to sell defendants certain parcels of land mentioned in the complaint, for the sum of fifteen thousand dollars, to be paid in installments. The deed was to be a good and sufficient one to convey the title, free from all incumbrances, and was to be executed and delivered when the full amount of the purchase-money was paid. On the 29th day of August, 1876, a deed to the land mentioned in the agreement of August 10th was duly executed and delivered by plaintiff to defendants. This deed was in form a grant, bargain, and sale deed, and contained an express covenant; viz., for quiet and peaceable enjoyment. At the time of the execution of this deed, defendants gave plaintiff their note, which was secured by a mortgage on the land conveyed; and the defendants failing to pay an installment that fell due upon the note, this suit was brought to foreclose

the mortgage. There was a provision in the mortgage to the effect, that if default was made in the payment of any installment when the same was payable, the whole of the note should thereupon become due and payable. The defense is, that the title to one of the tracts of land embraced in the deed was, and still is, in the Government of the United States, and the only question before us is, Did that fact constitute any defense to this suit?

The evidence shows that there was no fraudulent concealment or misrepresentation respecting the plaintiff's title; but, on the contrary, the defendants at the time were fully informed of the precise condition of such title.

There can be no doubt that the plaintiff was obliged, under the agreement, to execute a good and sufficient deed, conveying the title; and if this case depended upon such agreement, the matter pleaded would be a good defense to the action. But the finding of the Court is, that the deed was taken and accepted in execution of the contract of August 10th. The evidence on this point was conflicting, but there was sufficient evidence to justify and sustain the finding of the Court. The rights of the defendants, therefore, depend upon the deed, and not upon the agreement—the latter being merged in and extinguished by the former.

In the case of *Jones* v. *Wood*, 16 Pa. St. 25, the Court says: "It is conceded, the Court below was right in the instruction given, that the acceptance of the deed of April 2nd, 1839, executed by Annan to Jones, was a consummation of the prior agreement, and operated to put an end to all questions concerning the quantity of the land to be conveyed, and the purchase-money to be paid, which might otherwise arise under the covenants of August 11th, 1838. As a general rule, by such an acceptance the parties to the transaction are absolutely precluded from looking behind the conveyance for subjects of strife suggested by their prior negotiations and contracts; for the last step is esteemed as indisputably expressive of their final conclusions. In the present instance, this well-settled doctrine is as applicable to Wood, the vendor to Jones, as to the latter and his immediate grantor, Annan."

In the case of *Carter* v. *Beck*, 40 Ala. 599, it is held, that

"the acceptance of the defendants' deed by the plaintiff was a complete execution of the antecedent agreement to convey, and annulled it, and no action at law can be sustained upon it."

In the case of *Frederick* v. *Youngblood*, 19 Ala. 680, the Court says: "We think the testimony authorizes the conclusion, that at the sale of said land, the parties supposed there were five hundred acres in the tract, and that they rated the same at twenty-four dollars per acre, but that there was no stipulation on the part of the defendant as to the quantity of land. The deed of conveyance in this case must be taken as conclusive evidence of the terms of the sale. There is no allegation of fraud, or that any language not truly expressive of the contract had been inserted in the deed, or that any mistake whatever had been made in writing the same. In such a case, parol proof, contradicting the deed, would not be admissible even in equity." And in the case of *Williams* v. *Hathaway*, 19 Pick. 387, the Court holds, that "by a deed which is part of this case, it appears that the plaintiff paid a certain sum of money for the whole land described and identified; and by the rules of law, where a deed is executed in pursuance of a contract for the sale of land, all prior proposals and stipulations are merged, and the deed is deemed to express the final and entire contract between the parties."

The Court below has found, as has already been remarked, that the deed in this case was accepted in execution of the agreement, and therefore the defendants must look to its covenants for a defense to this action. The deed executed by plaintiff to defendants contains the covenants implied from the use of the words "grant, bargain, and sell," contained therein.

"From the use of the word 'grant' in any conveyance by which an estate of inheritance or fee-simple is to be passed, the following covenants, and none other, on the part of the grantor for himself, and his heirs, to the grantee, his heirs and assigns, are implied, unless restrained by express terms contained in such conveyance:

"1. That previous to the time of the execution of such conveyance, the grantor has not conveyed the same estate, or any right, title, or interest therein, to any person other than the grantee.

"2. That such estate is, at the time of the execution of such conveyance, free from all incumbrances done, made, or suffered by the grantor, or any person claiming under him." (Civ. Code, § 1113.)

The case fails to show a breach of any of these implied covenants; and it is not pretended that there was any breach of the express covenant for quiet enjoyment, because it indisputably appears from the evidence that defendants entered into possession of the land described in the deed, and remained in possession thereof down to the time when their answer was filed.

We find no error in the proceedings below substantially affecting the rights of the defendants, and the judgment and order must be affirmed.

So ordered.

Ross, J., and McKINSTRY, J., concurred.