W. S. THURGOOD, Respondent, v. EMELIE T. SPRING, Appellant.

PROMISSORY NOTES—CONSIDERATION—PURCHASE PRICE OF LAND—CONVEYANCE—ENCUMBRANCES—COUNTERCLAIM—PLEADING.— In an action on a promissory note given in consideration of an agreement to convey a good and unencumbered title to land, where a conveyance was made and accepted, and encumbrances were outstanding and unsatisfied of record when the deed was given, the defendant is remitted to the covenants in the deed, and where they are merely those implied by law, the breach thereof, if any, must be pleaded by way of counterclaim.

ID.—RELEASE OF MORTGAGE—DEFEAT OF COUNTERCLAIM.—Where a release of an outstanding mortgage was filed at the trial, such release would be sufficient to defeat a counterclaim therefor, if pleaded.

ID.—COVENANT AGAINST LIQUOR SALOON—REVERTER OF TITLE FOR BREACH PLEADING—EVICTION—DAMAGE.—If a covenant in the deed against using the premises for a liquor saloon, and for a reverter of title in case of breach, is to be deemed a breach of the implied covenant of the deed against encumbrances, a defense on that ground, if pleaded, would be insufficient without allegation and proof of eviction or of damage suffered by the defendant.

ID.—SALE OF LAND UNDER DEED OF TRUST—FAILURE OF CONSIDERATION. —Where the consideration of the note in suit, and other notes given by the defendant, was the conveyance of the land to the defendant, which was fully rendered at the date of the deed to the defendant, the subsequent sale of the land under a deed of trust, made as provided for in the agreement of the parties, to satisfy an earlier note of the defendant, which was past due, does not constitute a failure of consideration of the note in suit.

APPEAL from an order of the Superior Court of Marin County denying a new trial.    F. M. Angellotti, Judge.

The facts are stated in the opinion in this case and in the case of *Mersfelder* v. *Spring, ante,* p. 593.

George D. Collins, for Appellant.

William Gibbons, for Respondent.

SMITH, C.—The action here grows out of the same transaction as that in the case of *Mersfelder* v. *Spring, ante,* p. 593,

—the suit being by the assignee of Westphal for the sum of thirteen hundred dollars, alleged to be due on the second of the notes referred to in the deed of trust involved in that case.

The defense set up in the answer is, that in the transaction in which the note was given Westphal agreed to sell and convey to the defendant by good and sufficient deed a good and unencumbered title to the land sold, and that no such deed has been executed or title conveyed to the defendant. But it appears from the evidence that in fact a deed was made and accepted in execution of the contract; and this "was a complete execution of the antecedent agreement to convey." (*Bryan* v. *Swain*, 56 Cal. 618.) Hence, if there were any defects in the title, the defendant would be remitted to the covenants in his deed, which are merely those implied by the law. Such breaches, if any, might indeed have been pleaded by way of counterclaim. But here there is no such plea; nor if the plea had been made are there facts to support it.

There was indeed a mortgage on the property standing unsatisfied on the records at the time of the conveyance, and it does not appear that at that time or before the commencement of this suit it had been satisfied. But a release was filed at the trial, which would have been sufficient to defeat the counterclaim had it been pleaded.

There was also in one of the deeds under which Westphal deraigned title a covenant that no liquor saloon or bar should be maintained, and no intoxicating liquors ever be manufactured, sold, or otherwise disposed of on the land, with a condition that the land should revert to the grantor upon any breach of this covenant; and this is claimed by appellant to have been a breach of the implied covenant of the deed against encumbrances. But assuming (for the purposes of the decision) that this is the case, the defense, if pleaded, would have been incomplete without allegation and proof of the eviction or disturbance of the defendant, or of damage in some way suffered by him. (*Bryan* v. *Swain*, 56 Cal. 618; Devlin on Deeds, sec. 916.)

It is also urged as a defense that the sale of the land under the deed of trust constituted a failure of consideration. But, waiving the objection that this is not pleaded, the de-

fense is not tenable. The consideration of the note sued on, and of the other notes given, was the conveyance of the land, which was fully rendered at the date of the deed. Hence there could be no failure otherwise than for some defect or deficiency in the consideration at the time of its rendition. Nor do we know of any principle or authority that would give such effect to a sale subsequently made as provided for in the agreement of the parties.

We advise that the order appealed from be affirmed.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the order is affirmed.     McFarland, J., Lorigan, J., Henshaw, J.

---

[S. F. No. 2431.   Department Two.—July 15, 1903.]

