[Civ. No. 2395.  Second Appellate District, Division One.—February 21, 1919.]

ELIZABETH WOODS, Appellant, v. I. I. BENNETT, Respondent; G. W. REILLY, Defendant.

[1] DEED — COVENANT AGAINST ENCUMBRANCES — BREACH — LIABILITY OF GRANTOR.—The existence of a judgment lien is a breach of a covenant in a deed of conveyance that the land is free and clear of encumbrances, but as the covenant is one of indemnity, the grantor is liable in nominal damages only, where the grantee has suffered no actual injury from the encumbrance.

[2] ID.—COVENANTOR'S CONTINGENT LIABILITY.—The covenantor is also under a contingent liability to pay the full amount of the judgment upon its satisfaction by the grantee by payment.

[3] ID.—SUBSEQUENT AGREEMENT BY GRANTOR TO CLEAR TITLE—CONSIDERATION — EXTINGUISHMENT OF EXISTING DIRECT LIABILITY.— The liability of the covenantor for such breach is a sufficient consideration for a subsequent agreement on his part to clear the title to the property in question, and such subsequent agreement extinguishes the then existing direct liability.

[4] ID.—BREACH OF SUBSEQUENT AGREEMENT—LIABILITY.—On breach of such subsequent agreement by failure to perform it, the covenantor becomes immediately liable to the covenantee in the amount of the judgment as damages.

APPEAL from a judgment of the Superior Court of Los Angeles County. Fred H. Taft, Judge. Reversed.

The facts are stated in the opinion of the court.

John J. Craig for Appellant.

Barstow, Rohe & Jeffers for Respondent.

CONREY, P. J.—Appeal by plaintiff from judgment entered in favor of the defendant Bennett.

The action was brought by plaintiff to recover damages for breach of the following written agreement made by the defendant Bennett:

"Los Angeles, Calif., June 6, 1912.

"I hereby agree to clear title to lot 17 in block 36 in the Central Arlington Heights Tract as per map recorded in book 30, page 51, miscellaneous records of Los Angeles county, within ninety days from above date.

"Details of Above.

"I. I. Bennett having deed to Mrs. Elizabeth Woods the above mentioned property representing the same to be free and clear except a certain trust deed for $1000.00. It appears upon examination of said title that there appears a judgment of $424.80 and $7.10 costs against G. W. Reilly in favor of G. B. Lohman docketed Sept. 18th, 1911, and recorded in book 231, page 192, of judgments. Which the above named Bennett agrees to settle with accrued interest within ninety days from the date above mentioned.

"Original Witness E. W. Knapp, June 6, 1912.

"I. I. BENNETT."

On the sixteenth day of May, 1912, respondent deeded to appellant the land described in the foregoing contract, "free and clear, except a certain trust deed of One Thousand Dollars (except 1912 and 1913 taxes)." On May 24, 1912, appellant deeded the same property to Ellen B. Crowder, including in said deed like covenants against encumbrances as above noted. On June 5, 1912, the Los Angeles Abstract & Title Company issued a certificate to Crowder showing a judgment lien against said property, being the same judgment lien referred to in the contract above set forth. That certificate was introduced in evidence at the trial of this action, together with admissions sufficient to show that the judgment lien actually existed as recited in said contract. In December, 1912, the plaintiff paid Crowder the amount of said judgment, or perhaps it would be more accurate to say, paid to her by reason of said judgment an amount equal to the amount of the judgment. It does not appear that Crowder ever paid the judgment, but it does appear that Bennett never paid it and, so far as appears from the evidence, the judgment remained in force until the lien thereof expired by lapse of time. At the time of commencement of this action the lien of the judgment had not yet expired.

[1] The principal defenses urged against the action are that there was no consideration for the agreement, and that the plaintiff has not suffered any damage by reason of any breach thereof. The author of Devlin on Deeds (third edition, section 918), says: "It is, I think, well settled that where the encumbrance has not been paid off by the purchaser of the land, and he has remained in quiet and peaceable possession of the premises, he cannot have relief against his contract to pay the purchase money, or any part of it, on the ground of defect of title. The reason is that the encumbrance may not, if let alone, ever be asserted against the purchaser, as it may be paid off or satisfied in some other way; and then it would be inequitable that any part of the purchase money should be retained." [2] But, at the end of section 920, he says: "If the covenant, however, is in the form of an agreement to pay and discharge the encumbrances, the covenantee, although he has not extinguished them, is entitled to recover the amount of the encumbrances." These rules, as stated in the textbook, are supported by various cases there cited. Concerning the rule first stated, it is said in *Fraser* v. *Bentel,* 161 Cal. 390,

394, [Ann. Cas. 1913B, 1062, 119 Pac. 509] : "Inasmuch, however, as the covenant against encumbrances is merely one of indemnity (Rawle's Covenants for Title, sec. 188), no more than nominal damages can be recovered on account of an encumbrance which has inflicted no actual injury upon the grantee." It thus appears that at the time when defendant made the agreement of June 6, 1912, the plaintiff was not in a position to have recovered substantial damages growing out of breach of the covenant contained in defendant's deed to the plaintiff, but she was in a position to have recovered at least nominal damages, and there existed a contingent liability to pay the full amount of the judgment upon its satisfaction, by payment by the plaintiff. [3] This direct liability upon the covenant contained in the deed was extinguished by plaintiff's acceptance of the subsequent agreement made by Bennett, and, in our opinion, this constituted a sufficient consideration for the agreement as made. Upon the execution of this agreement the right of the plaintiff to have the judgment satisfied by the defendant became absolute and was no longer contingent upon prior satisfaction of the judgment by the plaintiff. [4] The defendant having failed to perform that agreement, he thereupon became liable to the plaintiff for the amount of the judgment as damages for breach of his agreement.

The judgment is reversed.

Shaw, J., and James, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on March 22, 1919, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 21, 1919.

All the Justices concurred.