THE PEOPLE OF THE STATE OF NEW YORK ex rel. ESTATE OF FRANK W. WOOLWORTH, Deceased, Relator, *v.* STATE TAX COMMISSION OF THE STATE OF NEW YORK, Respondent.

Third Department, March 8, 1922.

Taxation — income tax — one residing in State from January 1, 1919, to April 8, 1919, date of his death, " resident " as defined by Tax Law, § 350, subd. 7.

One who resided in this State from January 1, 1919, to April 8, 1919, upon which date he died, was a resident of this State during such period within the meaning of the word " resident " as defined in subdivision 7 of section 350 of the Tax Law, and his entire income from all sources up to the time of his death was subject to the taxing power of this State. There is no justification for so construing the term " resident," as defined in the statute, as to eliminate the case of a resident dying before July first of the calendar year.

CERTIORARI issued out of the Supreme Court and attested on the 15th day of July, 1921, directed to the State Tax Commission, of the State of New York, commanding it to certify and return to the office of the clerk of the county of Albany all and singular the proceedings had by its predecessor, the Comptroller of the State of New York, in adjusting an account for income taxes of the relator for the taxable year 1919 under article 16 of the Tax Law, and in revising said account.

*Breed, Abbott & Morgan* and *Douglas, Armitage & McCann* [*William S. Lare* of counsel], for the relator.

*Charles D. Newton, Attorney-General* [*James S. Y. Ivins* and *Laurence Graves* of counsel], for the respondent.

HINMAN, J.:

The relator, Frank W. Woolworth, was a resident of the State of New York on January 1, 1919, the date of the inception of the Income Tax Law, and he remained a resident until the time of his death, which occurred on April 8, 1919. The record does not show when he became a resident but apparently that is of no importance. In fixing an income tax on the income received by him for the period between January 1, 1919, and April 8, 1919, the Comptroller adopted the theory that the relator did not escape the income tax by death and that he was taxable as a " resident " notwithstanding the definition of that word as provided in the income tax provisions of the Tax Law (§ 350, added by Laws of 1919, chap. 627, as amd. by Laws of 1920, chap. 691).

Subdivision 7 of section 350 provides as follows:

" The word ' resident ' applies only to natural persons and

includes for the purpose of determining liability to the tax imposed by this article upon or with reference to the income of any taxable year, commencing with the year nineteen hundred and nineteen, any person who shall, at any time during the last six months of the calendar year, be a resident of the State."

The relator's representatives have not denied that he was taxable for the period between January 1, 1919, and April 8, 1919, the date of his death, and it seems clear that there was liability to the tax upon the income received during the fraction of the calendar year preceding his death. An analogous situation under the Federal Income Tax Law of 1913 (38 U. S. Stat. at Large, 166, § 2) has been held to warrant the fixing of a tax. (*Brady* v. *Anderson,* 240 Fed. Rep. 665 [C. C. A. 2d Cir. 1917].)

The sole question raised is whether the relator is taxable as a resident or as a non-resident. The claim of the relator's representatives is that he does not come within the statutory definition of " resident," in that he died before the " last six months of the calendar year," and that coming without that statutory classification, he must be taxed as a non-resident. The effect of adopting relator's contention would be to exclude from the computation of his tax the amount of his income from sources without the State, aggregating an additional tax plus interest of $9,064.67. The elimination of such income would produce a tax of $28.41.

In the absence of a statutory definition of a " non-resident " showing a legislative intent to classify as such any person not clearly embraced within the above definition of a " resident," the argument of the relator seems too arbitrary and unnatural for adoption. There is nothing in the record to show that the relator ever resided outside the State and if any presumption is to be indulged it would be that if he had lived he would have continued to be a resident. Nevertheless his representatives, who concede liability to the tax either as a resident or a non-resident, seek to classify him as a non-resident.

The statement of the contention is sufficient to make manifest its absurdity. Nothing but a clear statutory definition of " non-resident " to that effect would induce one to believe that the Legislature could have had in mind any such intent as the relator suggests when it defined " resident " to *include* " any person who shall, at any time during the last six months of the calendar year, be a resident of the State." Before adopting the unnatural and strained contention of the relator the court should determine whether the language used is capable of any reasonable interpretation that would cover the relator's case and permit him to be taxed as a " resident."

The question hinges upon whether the language used in the definition of " resident," when it provided that it " includes " certain prescribed cases, shall be deemed to be language of limitation, confining the application to the cases enumerated or whether " includes " was used as a word of enlargement or as indicating the reverse of a restrictive intention, specifying particular cases inserted out of abundant caution. " Includes " has two shades of meaning. It may apply where that which is affected is the only thing included, and it is also used to express the idea that the thing in question constitutes a part only of the contents of some other thing. It sometimes happens that, in a statute, the language of which may fairly comprehend many different cases, some only are expressly mentioned by way of example merely or to render certain what might be doubtful, and not as excluding others of a similar nature. In determining which shade of meaning to give to the word " includes " as used in subdivision 7 of section 350 of the Tax Law, the court must be guided by the intention of the Legislature as gleaned from the context and from the statute as a whole, and reach that interpretation which is consonant with reason and sound discretion.

The very absurdity of the relator's application of the definition of " resident " to his case, requiring the court to agree with him only on the basis of adopting as the other alternative that the relator shall be deemed a non-resident when he has not been shown to have ever been such in fact, should be sufficient answer. In the absence of clear warrant of the statute, no such interpretation is reasonable. The statute does not compel it by so defining a non-resident. The relator adopts that classification only by necessity. He is taxable and having read himself out of the class described as " resident " he thinks he must be a " non-resident," notwithstanding the apparent incongruity of the grouping.

The Legislature could not have intended anything so unfit and inappropriate. The only conclusion to reach is that it specified the particular case covered by the definition out of abundant caution, to render certain what might have been doubtful in so many cases where residents of this State actually become non-residents and actual non-residents become residents during the calendar year, subjecting them to the possible injustice of double taxation. It is our interpretation that Mr. Woolworth was up to the time of his death a resident and subject to the complete jurisdiction of this State; that his entire income from all sources was subject to the taxing power of the State; that there is no justification for so construing the term " resident," as defined in

the statute, as to eliminate the case of a resident dying before July first of the calendar year, and that the determination of the Comptroller was correct and should be affirmed.

Determination unanimously confirmed, with fifty dollars costs and disbursements.