## PEERLESS CARBON BLACK CO. v. SHEPPARD et al.

### No. 8695.

Court of Civil Appeals of Texas. Austin.

Feb. 2, 1938.

Rehearing Denied Feb. 23, 1938.

J. W. Hassell and J. W. Hassell, Jr., both of Dallas, for appellant.

Wm. McCraw, Atty. Gen., and Jno. J. McKay, Asst. Atty. Gen., for appellees.

BLAIR, Justice.

Appellant, the Peerless Carbon Black Company, sued appellees, Geo. H. Sheppard, as comptroller, Charley Lockhart, as treasurer, and William McCraw, as Attorney General, to recover taxes paid by it under protest; and from an adverse judgment appellant has appealed.

The taxes were levied and collected as the occupation tax on appellant's occupation of manufacturing or producing carbon black, under section 7, article 4, chapter 495, Acts 44th Leg., 3d C.S., p. 2040, Vernon's Ann.Civ.St. art. 7047, subd. 45, the material portion of which reads: "(a) There is hereby levied an occupation tax on every person in this State manufacturing or producing carbon black. * * * (f) The term 'carbon black' as herein used includes all black pigment produced in whole or in part from natural gas, casinghead gas or residue gas by the impinging of a flame upon a channel disk or plate, and the tax herein imposed shall reach all products produced in such manner."

The whole question presented turns upon whether or not the word "includes," as used in paragraph (f), was·intended to limit the provision of paragraph (a) of the act, which "levied an occupation tax on every person in this State manufacturing or producing carbon black," so as to provide that only carbon black manufacturers or producers using the channel, disk, or plate methods are subject to the tax.

Four methods of manufacturing carbon black were shown, as follows:

Channel method. A boxlike metal affair moving backwards and forwards over gas burners.

Plate method. A revolving metal sheet, circular in shape, moving over gas burners.

Disk method. Operating similar to the plate, but smaller.

Cylinder method. A revolving metal cylinder, rotating above and in front of gas burners.

In comparing these methods, the trial court found as follows:

"Although each of the methods described differ with regard to mechanical devices, yet all methods are similar in that, first, each method employs for its raw product natural, casinghead or residue gas, and secondly, each method uses the basic principle of the impinging of a flame of gas against a metal surface, and thirdly, in each case this flame burns with an insufficient supply of oxygen, and fourthly, the product obtained by all methods is a black or substantially black pigment, and fifthly, the product obtained by each method is indiscriminately known to the trade as carbon black.

"The chief difference between the cylinder method, as used by plaintiff and the other named methods, is in the result, in that plaintiff's product has certain qualities of gummy or oily compound so that it is peculiarly adapted to the manufacture of high grade inks used on fast printing presses, whereas, the other products are used in the manufacture of automobile tires, telephone receivers, floor coverings, insulation and the like.

Appellant is engaged in manufacturing or producing carbon black by the cylinder or roll type method, and by its first proposition contends, as follows: "The occupation defined in the manufacture of carbon black, by which is meant all black pigment produced in whole or in part from natural gas, casinghead gas or residue gas, by the impinging of a flame upon a channel, disk or plate, and does not include a pigment 'different in composition, quality and use' and produced by the cylinder or roll type method used by plaintiff."

In thus defining the occupation or business taxed, appellant has substituted the term "by which is meant" instead of the word "includes" as used in the taxing act, and apparently contends that the term "by which is meant" is identical with the word "includes." This contention is not sustained. The word "includes" as used in the act is not identical with nor equivalent to the word "meant," or the clause "by which is meant," because the authorities hold that such a word or clause is less elastic than the word "includes." 97 A.L.R. 1382. "The word 'includes' is not, ordinarily, a word of limitation, but rather of enlargement." Fraser v. Bentel, 161 Cal. 390, 119 P. 509, 511, Ann.Cas.1913B, 1062. The words "includes" and "including" are regarded by the authorities as being identical or equivalent to each other; and the authorities uniformly hold that unless the context in which such words are used requires, they are never regarded as being identical with or equivalent to "mean and include," nor with such less elastic words and terms as "meant," "meaning," or "by which is meant." Lederer v. Penn Mut. L. Ins. Co., 3 Cir., 258 F. 81; United States v. The Betsey and Charlotte, 4 Cranch 443, 2 L.Ed. 673; 12 C.J. 528, and note 52. In 31 C.J. 395, § 3C, it is said that while the word "including" is susceptible of different shades of meaning, "it is generally employed as a term of enlargement and not a term of limitation, or of enumeration." The cases cited from numerous jurisdictions sustain this text. In consequence, it follows that the use of the word "includes,"

as used in the taxing act under consideration, instead of some less elastic word or term, such as "meaning," "meant," or "by which is meant," would seem clearly to imply that the Legislature did not intend to use the word "includes" as one of limitation or of enumeration, but rather of enlargement, or as illustrative of those intended to be included within the taxing act. See, also, 4 Words and Phrases, First Series, 3499, 3500; 2 Words and Phrases, Second Series, 1007, 1008.

In Von Weise v. Com'r of Internal Revenue, 8 Cir., 69 F.2d 439, 442, writ of certiorari denied in 292 U.S. 655, 54 S.Ct. 866, 78 L.Ed. 1504, construing the provision of the federal income tax statutes that the "terms 'includes' and 'including' when used in a definition contained in this title shall not be deemed to exclude other things otherwise within the meaning of the term defined," both Congress and the court merely gave to those words their generally accepted use as a term of enlargement, and not a term of limitation or enumeration. A similar construction of the word "includes," as used in a state income tax law, was made in People ex rel. Woolworth's Estate v. State Tax Commission, 200 App.Div. 287, 192 N. Y.S. 772. The cases are too numerous to cite which so construe the words "including" or "includes" as used in similar statutes, ordinances, and contracts; and we conclude that nothing in the language of the statute here involved would indicate that the Legislature intended to use the word "includes" as a word of limitation or enumeration. Obviously, the language, "the term 'carbon black' as herein used includes all black pigment produced in whole or in part from natural gas, casinghead gas or residue gas by the impinging of a flame upon a channel disk or plate," was not intended to limit the language of paragraph (a) which imposed the tax upon "every person * * * manufacturing or producing carbon black"; but the word "includes" was used in its generally accepted sense, and as also including those manufacturing or producing carbon black by the methods named. This construction is further made manifest by the language of paragraph (f) providing, that "the tax * * * imposed shall reach all products produced in such manner." It will be noted that this language did not limit the tax to "all products produced in such manner," but provided that the tax "shall reach all products produced in such manner," thus clearly indicating that the tax was also imposed on products produced in

other manners or by other methods. And when the entire act is read it shows that the tax was not imposed upon a method or manner used in manufacturing or producing carbon black, but upon the business or occupation of manufacturing or producing carbon black in its entirety, and that the methods of production referred to were illustrative of the carbon black industry and in aid of the officials charged with the duty of collecting the tax.

Appellant states in its brief that it does not seek an application of the rule of expressio unius est exclusio al terius to the provisions of paragraph (f), nor that if such rule were applied, that the provisions of paragraph (f) would show that only carbon black producers using the channel, disk, or plate methods are to be taxed under the act. Its position is that the language of the act is clear and unambiguous, and is not properly a subject for construction; and that since the act referred to three methods of producing carbon black and not to a fourth, it was sufficient in itself to show that its business of producing carbon black by the unmentioned method was not intended to be included in the act. Our above conclusions answer this proposition. Appellant argues, however, that another provision of paragraph (a) is significant and sustains its construction of the act. The act fixed the amount of the tax at certain percentages of the market value of carbon black. It then provided that "the market value of carbon black, as that term is herein used," etc. Appellant contends that if all carbon black were intended to be covered, then there was no need of defining the term "carbon black"; and that there is no definition of the term "market value," except that carbon black defined in paragraph (f). These matters add nothing to a proper construction of the act. We have construed the act as imposing the tax upon every person manufacturing or producing carbon black, indiscriminately. The language defining market value and carbon black is used indiscriminately, and covers and was intended to cover all carbon black or "all black pigment produced in whole or in part from natural gas, casinghead gas or residue gas by the impinging of a flame" upon some metal device, and the methods mentioned are only illustrative. The statute makes no mention of the fact that one pigment is wet or gummy and another dry, and neither is excluded because of this fact. Market value as defined applied to "all black pigment,"

indiscriminately. And it is manifest that if the Legislature had intended to discriminate, or to classify the methods of production and except one classification from the tax, then it would have employed more appropriate language to have done so.

The judgment of the trial court is affirmed.

Affirmed.