

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

January 10, 2005

The Honorable Robert Duncan
Chair, Committee on State Affairs
Texas State Senate
Post Office Box 12068
Austin, Texas 78711-2068

Opinion No. GA-0292

Re: Whether section 1305.003(14) of the Texas Occupations Code exempts from state licensing requirements all persons performing electrical work for a private industrial business, even if a person is not an employee of the private industrial business (RQ-0233-GA)

Dear Senator Duncan:

You ask whether section 1305.003(14) of the Texas Occupations Code exempts from state licensing requirements all persons performing electrical work for a private industrial business, even if a person is not an employee of the private industrial business.[1]

During its Seventy-eighth Regular Session, the Texas Legislature enacted House Bill 1487, which put electrical work[2] regulation under the control of the Texas Department of Licensing and Regulation (the "TDLR"). *See* Act of May 30, 2003, 78th Leg., R.S., ch. 1062, 2003 Tex. Gen. Laws 3059, 3059 (enacting chapter 1305 of the Texas Occupations Code, the Texas Electrical Safety and Licensing Act) (the "Act"). Before passage of the Act, electrical work regulation in Texas was relegated to the state's political subdivisions, which resulted in varied electrical work rules throughout the state, and no regulation in some political subdivisions. *See* SENATE COMM. ON STATE AFFAIRS, BILL ANALYSIS, Tex. Comm. Substitute H.B. 1487, 78th Leg., R.S. (2003) (Digest and Purpose). The Act creates a state license for six classes of electricians and two classes of contractors and adopts statewide standards for electrical workers in Texas. *Id.* As of September 1, 2004, a person may not perform electrical work unless the person holds an appropriate license issued or recognized under the Act. *See* TEX. OCC. CODE ANN. § 1305.151 (Vernon 2004).

---

[1]Letter from Honorable Robert Duncan, Chair, Senate Committee on State Affairs, to Honorable Greg Abbott, Texas Attorney General (June 17, 2004) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

[2]"Electrical work" is defined as "any labor or material used in installing, maintaining, or extending an electrical wiring system and the appurtenances, apparatus, or equipment used in connection with the use of electrical energy in, on, outside, or attached to a building, residence, structure, property, or premises. The term includes service entrance conductors as defined by the National Electric Code." TEX. OCC. CODE ANN. § 1305.002(11) (Vernon 2004).

With respect to your question, the Act provides certain exemptions from the Act's licensing requirements for a person performing electrical work. *See id.* § 1305.003. You ask about section 1305.003(14) of the Act (the "exemption") which exempts from the Act's licensing requirements

> a person who is employed by and performs electrical work solely for a private industrial business, including a business that operates a chemical plant, petrochemical plant, refinery, natural gas plant, natural gas treating plant, pipeline, or oil and gas exploration and production operation.

*Id.* § 1305.003(14) (emphasis added).

As background, a brief sent in response to your request informs us that industrial businesses depend on contracted labor to control costs by procuring expert electrical work that is needed only on a periodic basis or to fill quickly and safely vacancies created by employees who leave but whose electrical expertise is indispensable to the daily function of the business.[3] In addition, many industrial businesses routinely use contract electrical workers and have done so for many years.[4] You inform us that, "increasingly, [industrial businesses] outsource electrical and other specialized work." Request Letter, *supra* note 1, at 2. You refer to the individuals and companies who provide this outsourced electrical work as "third-party contractors." *See id.*

You ask this question about third-party contractors in relation to the exemption:

> Does the exemption established in Texas Occupations Code § 1305.003(14) include all persons performing electrical work for a private industrial business, even if a person is not an employee of the private industrial business?

Request Letter, *supra* note 1, at 1.

Your question requires us to construe the exemption. In construing a statute we are charged with determining and giving effect to the legislature's intent. *See City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex. 2003). This is accomplished by establishing the "plain and common meaning of the statute's words." *Id.* Generally, if a statute's meaning is unambiguous, we interpret the statute according to its plain meaning. *See id.* However, we determine legislative intent from the entire act and not just isolated portions. *See id.*; *see also* TEX. GOV'T CODE ANN. § 311.023 (Vernon 1998) (regardless of whether a statute is considered ambiguous, a court may consider, *inter alia*, the circumstances under which the statute was enacted and the legislative history).

---

[3]*See* Brief from Jerry D. Davis, Plant Manager, El Dorado Nitrogen, L.P., to Honorable Greg Abbott, Texas Attorney General at 1 (July 12, 2004) (on file with Opinion Committee).

[4]*See, e.g.*, Brief from Ron Dipprey, President, Texas Chemical Council, to Honorable Greg Abbott, Texas Attorney General at 1-2 (on file with Opinion Committee) (stating that the council has used some contract workers for as long as 15 years).

Returning to the exemption with these principles, we observe that reduced to its constituent parts the exemption applies to "a person . . . employed by . . . a private industrial business." *See* TEX. OCC. CODE ANN. § 1305.003(14) (Vernon 2004). Although these terms, "person," "employed by" and, "private industrial business" are the exemption's essential elements, they are not defined in the Act. *See id.* §§ 1305.001-.303. To answer your question, then, we begin by analyzing individually each of these terms according to the guiding principles previously articulated in order to determine the terms' meanings and, consequently, the exemption's meaning.

## I.    "Person"

In settling on a definition of "person" for the purposes of the exemption, we find two competing concepts – the concept of "person" as an individual and the concept of "person" as any legal entity. *See* BLACK'S LAW DICTIONARY 1028 (5th ed. 1979). The Occupations Code employs both concepts in defining "person." *See, e.g.*, TEX. OCC. CODE ANN. § 151.002(11) (Vernon 2004) (regulating physicians and defining "person" as an individual), *id.* § 1302.002(14) (regulating air conditioning and refrigeration contractors and defining "person" as an individual), *id.* § 351.002(5) (regulating optometrists and therapeutic optometrists and defining "person" as, among other things, a partnership, corporation, or an "association of individuals"), and *id.* § 1901.002(12) (regulating water well drillers and defining "person" as any "private legal entity").

As noted, the industry regulated by the Act relies heavily on outsourcing jobs to companies that supply contract labor to perform electrical work. Given this common practice to use these third-party contractors, and because the Occupations Code employs both concepts of the term "person," we conclude that "person" as used in the exemption is ambiguous. Moreover, because there is an absence of consideration for this industry practice in the Act's express purpose,[5] or in its legislative history,[6] we cannot resolve this ambiguity with any degree of confidence by referring to such documents.

## II.    "Employed By"

The term "employed by," however, is not ambiguous. In the context of the exemption, the term refers to *employees* of a private industrial business. *See* TEX. OCC. CODE ANN. § 1305.003(14) (Vernon 2004) ("a person who is *employed by* and performs electrical work solely for *a* private industrial business") (emphasis added). By definition, an independent contractor is not an employee. *See Limestone Prods. Distrib., Inc. v. McNamara*, 71 S.W.3d 308, 312 (Tex. 2002) (distinguishing by common-law test an employee from an independent contractor). However, the mere use of titles such as "employee" and "contractor" do not determine a person's status; rather in the employee-independent contractor dichotomy the common-law test articulated in *Limestone* controls.

---

[5]*See* SENATE COMM. ON STATE AFFAIRS, BILL ANALYSIS, Tex. Comm. Substitute H.B. 1487, 78th Leg., R.S. (2003).

[6]*See* HOUSE COMM. ON LICENSING & ADMIN. PROC., HOUSE RESEARCH ORG., BILL ANALYSIS, Tex. Comm. Substitute H.B. 1487, 78th Leg., R.S. (2003).

The test to determine whether a person is an employee rather than an independent contractor is whether the employer has a right to control the progress, details, and methods of operations of the work. *See id.* (citations omitted). An employer controls not merely the end sought to be accomplished, but also the means and details of its accomplishment. *See id.* (citations omitted). The right to control is measured by considering: "(1) the independent nature of the worker's business; (2) the worker's obligation to furnish the necessary tools, supplies, and materials to perform the job; (3) the worker's right to control the progress of the work except about final results; (4) the time for which the worker is employed; and (5) the method of payment, whether by unit of time or by the job." *Id.* (citation's omitted).

The employee-independent contractor test is resolved by referring to facts. Accordingly, whether a person comes within the definition of "employed by" is a question of fact. Resolving questions of fact is not appropriate to the opinion process. *See* Tex. Att'y Gen. Op. No. GA-0156 (2004) at 10.

## III.    "Private Industrial Business"

The exemption provides limited guidance for this term's definition by listing entities that qualify as private industrial businesses. *See* TEX. OCC. CODE ANN. § 1305.003(14) (Vernon 2004). The Act exempts a person employed by "a private industrial business, *including* a business that operates a chemical plant, petrochemical plant, refinery, natural gas plant, natural gas treating plant, pipeline, or oil and gas exploration and production operation." *Id.* (emphasis added). However, the term "include" in a statute is a "term[] of enlargement and not a term of limitation or exclusive enumeration, and use of the term[] does not create a presumption that components not expressed are excluded." TEX. GOV'T CODE ANN. § 311.005(13) (Vernon 1998). As such, the definition of "private industrial business" hinges on our ability to ferret out the common bond that holds the listed entities together. *See Peerless Carbon Black Co. v. Sheppard*, 113 S.W.2d 996, 997 (Tex. Civ. App.–Austin 1938, writ ref'd) (stating that while "include" is a word of enlargement, the items expressly enumerated are illustrative of the additional items that may be included). Given the dearth of information in the Act's legislative history, we cannot determine with confidence the common bond shared by the illustrative items that define "private industrial business," and thus we conclude that the term is vague.

In sum, it is conceivable that a third-party contractor, whether an individual or any other legal entity, could be a "person." Equally conceivable, a third-party contracting company that provides electrical workers to an industrial business could itself be a "private industrial business." Nevertheless, given that the Act does not acknowledge ubiquitous industry practices, which renders the terms "person" and "private industrial business" ambiguous and vague, and because the determination of whether a person is an employee or an independent contractor is a fact question, we cannot answer your question as a matter of law.

## S U M M A R Y

Occupations Code chapter 1305, the Texas Electrical Safety and Licensing Act, regulates electrical work in Texas. Section 1305.003(14) of the Occupations Code exempts from the Act's licensing requirements "a person" who is "employed by" a "private industrial business." The terms "person" and "private industrial business" are ambiguous and vague. The term "employed by" refers to a person who is an employee, but whether a person is an employee is a fact question that cannot be answered in the opinion process. Consequently, section 1305.003(14)'s terms do not provide sufficient clarity to answer as a matter of law the question of whether a person performing electrical work for a private industrial business, even if a person is not an employee of the private industrial business, is exempt from the Act's licensing requirements.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Daniel C. Bradford
Assistant Attorney General, Opinion Committee