ASA F. BOWLEY *vs.* EBENEZER W. HOLWAY.

Barnstable. Jan. 22. — May 6, 1878. ENDICOTT & SOULE, JJ., absent.

In an action for the price of land sold and conveyed by a deed with the usual covenants of title, the defendant cannot, in the absence of fraud, avail himself, in defence, of a partial failure of title by way of recoupment or in reduction of damages, but his only remedy is on the covenants of the deed.

CONTRACT upon an account annexed for the balance due on a sale of a parcel of land in Provincetown. Answer, failure of consideration.

The case was submitted to the Superior Court, and, after judgment for the plaintiff, to this court, on appeal, on an agreed statement of facts in substance as follows:

On November 18, 1875, the plaintiff conveyed to the defendant the land in question, by a deed in common form, containing

covenants that he was seised in fee simple, against incumbrances, and the usual covenants of warranty. The plaintiff, in good faith, represented to the defendant that he was the owner of the estate and could give a good title to it, and the defendant purchased it, relying upon these representations, for the sum of $2500, of which he paid $1550. The only title which the plaintiff had to the estate at the time of the sale was under the provisions of the will of his father, who owned and occupied the estate as his homestead up to the time of his death. The clause of the will, under which the plaintiff claimed, was as follows· " When my widow leaves my homestead, either by death or marriage, I give and bequeath the same to my son, for his use, benefit and improvement during his natural life." ⸴ The mother of the plaintiff, to whom her husband gave by his will the use of all his real and personal estate so long as she should remain his widow, died before the conveyance by the plaintiff to the defendant. Since the conveyance to the defendant, he has remained in undisturbed possession of the estate, and has made alterations in it. The amount paid by the defendant is the full value of the plaintiff's life estate in the premises.

The plaintiff objects to the competency of all the above facts, excepting the sale to the defendant, the execution of the deed, and the payment of $1550 by the defendant.

If, upon such of the above facts as are admissible in evidence, the plaintiff was entitled to recover, judgment was to be for him; otherwise, judgment for the defendant.

*H. P. Harriman*, for the plaintiff.

*J. M. Day*, for the defendant.

MORTON, J. Under the will of his father, the plaintiff took only a life estate in the homestead. He conveyed it to the defendant by a deed containing covenants that he was seised in fee simple and had good right to convey and the usual covenants of warranty. This being a suit to recover the consideration of that conveyance, the only question is, whether this partial failure of title is a defence *pro tanto*. In suits to recover the price of personal property sold, it is well settled that a partial want or failure of the consideration, or a breach of the warranty of title or quality, may be shown in defence, in reduction of damages. This rule is adopted to avoid circuity of action, because all the

rights of the parties growing out of the same transaction can be justly and conveniently settled in one suit. But according to the weight of the authorities, when the consideration consists of real estate conveyed by deed with covenants of title, the grantee, in the absence of fraud, cannot show, in defence of an action for the consideration, a breach of the covenants of the deed, but he is remitted to his action upon his covenants. 2 Kent Com. (12th ed.) 473, and cases cited. In *Rice* v. *Goddard*, 14 Pick. 293, there was a total failure of the title, and the grantee was ousted from the possession of the land, and it was held that this was a good defence to a suit upon the note given for the land, because, there being an entire want of consideration, it was *nudum pactum*. But the case does not intimate that a partial failure of title, or other breach of covenant, could be shown in defence by way of recoupment. In the case at bar, the plaintiff was seised of a freehold in the premises, which by his deed passed to the defendant. There was not, therefore, a want of consideration which made the promise to pay the agreed price *nudum pactum*.

*Judgment affirmed.*