[Civ. No. 2107.  Third Appellate District.—March 1, 1920.]

# PHILIP M. GAFFEY, Respondent, v. THEODORE J. WELK, Appellant.

[1] VENDOR AND VENDEE — GRANT DEED — PARTIAL FAILURE OF CON-SIDERATION—REMEDY OF VENDEE.—Where a grant, bargain, and sale deed purports to convey a fee-simple title to a certain tract of land but in fact conveys only an undivided one-fourth interest therein, and the grantee does not rescind or offer to reconvey the title he obtained upon discovering he has no title to three-fourths of the property, he cannot maintain *assumpsit* for three-fourths of the money paid but is restricted to his remedy on the covenants of the deed.

APPEAL from a judgment of the Superior Court of Los Angeles County.  John W. Shenk, Judge.  Reversed.

The facts are stated in the opinion of the court.

Drew Pruitt for Appellant.

Jesse Stephens and Anderson & Anderson for Respondent.

ELLISON, P. J., *pro tem.*—This is an action for money had and received based upon the failure of title to an undivided three-fourths interest in and to a parcel of land sold and conveyed by the defendant to the plaintiff.

We take the following from the defendant's brief as giving a general impression of the case: "In April, 1910, one H. H. McCord owned an undivided one-fourth interest in the land, J. A. Crandall owned an undivided one-fourth interest, and Alex. Moncrieff owned an undivided half interest therein. In that month McCord forged a deed from Crandall and Moncrieff and their wives purporting to convey their interest in the property to himself, which deed was duly recorded, the apparent title was vested in McCord as to the entire property.  In May, 1910, McCord executed a deed to the defendant Theodore J. Welk purporting to convey the entire property.  On August 7, 1911, the defendant herein executed a grant, bargain, and sale deed to the plaintiff Philip M. Gaffey without any covenant warranting the title or any other express covenants therein, purporting to convey the

46 Cal. App.—25

property for the consideration of three thousand five hundred dollars, which was at that time paid by the plaintiff to the defendant. Neither the plaintiff nor the defendant knew of said forgeries. This was not ascertained until about two years later, when the plaintiff for the first time discovered that there was a forged deed in the chain of title and that he only acquired an undivided one-fourth interest in the land, being the original interest owned by McCord. The property consisted of forty-two lots and one block of land situated in the city of San Pedro, in Los Angeles County. The property was vacant and unimproved and remained in that condition.''

The plaintiff, upon discovering that he had no title to three-fourths of the property, without rescinding or offering to reconvey the title he had obtained by the deed, brought this action against the defendant to recover three-fourths of the three thousand five hundred dollars he had paid for the land, with interest thereon, and costs. After trial the court rendered a judgment for that amount, to wit, $2,625, with interest thereon at the rate of seven per cent per annum from the date of sale, aggregating $3,865. The defendant appeals from such judgment. His position, broadly stated, is that where there is a partial failure of consideration for a deed, having no other covenants in it than those implied by the use of the word ''grant,'' the grantee cannot, without restoring the consideration, and offering to reconvey, recover from the vendor any part of the money which he has paid for the property; that he is bound by the deed as the final contract of the parties, and if it contains no warranty, a partial failure of title gives him no right to bring an action for all or a part of the purchase money paid.

The decisions rendered by the supreme court of California seem to be in harmony with the position taken by appellant. Thus, in *Peabody* v. *Phelps*, 9 Cal. 213, it is said: ''In the usual course of business, men insert covenants in their conveyances of real estate, when it is intended that the vendor shall answer for the goodness of the title, and it is easy to see that bad consequences may follow if the vendee shall be allowed to lay aside his deed, and have an action founded upon the conversations about the title

pending the bargain. When by the express terms of his conveyance, the vendor has fixed the extent of the liability, upon the failure of title, and the conveyance is accompanied with the delivery of possession of the premises sold, and there have been no false representations as to their quality, quantity, or condition, or as to the encumbrances upon them, or the rights or privileges appurtenant to them, or rents or profits arising from them, we cannot perceive any just ground upon which the purchaser, for a defect of title, instead of seeking his remedy upon the covenants of his deed, should be permitted to maintain an action for damages for representations respecting such title, made in the negotiation for the purchase.''

In *Bryan* v. *Swain,* 56 Cal. 616, it appeared that the plaintiff had sold to the defendant a certain piece of real estate, and in part payment thereof had taken a note from the vendee secured by a mortgage upon the property. The same not having been paid, he brought a suit to foreclose his mortgage, and the defendant set up as a defense to the action on the note and mortgage that the title had wholly failed as to one of the tracts of land conveyed to him. In deciding the case the supreme court used this language: ''This deed was in form a grant, bargain, and sale deed, and contained an express covenant; viz., for quiet and peaceable enjoyment. At the time of the execution of this deed, defendants gave plaintiff their note, which was secured by a mortgage on the land conveyed; and the defendants failing to pay an installment that fell due upon the note, this suit was brought to foreclose the mortgage. The defense is that the title to one of the tracts of land embraced in the deed was, and still is, in the government of the United States, and the only question before us is: Did that fact constitute any defense to this suit?

''The evidence shows that there was no fraudulent concealment or misrepresentation respecting the plaintiff's title.

''There can be no doubt that the plaintiff was obliged, under the agreement, to execute a good and sufficient deed, conveying the title; and if this case depended upon such agreement, the matter pleaded would be a good defense to the action. But the finding of the court is, that a deed was taken and accepted in execution of the contract of August

10th. The rights of the defendant, therefore, depend upon the deed, and not upon the agreement—the latter being merged in and extinguished by the former. The deed is deemed to express the final and entire contract between the parties. Therefore the defendants must look to its covenants for a defense to this action. The deed executed by plaintiff to defendants contains the covenants implied from the use of the words 'grant, bargain, and sale,' contained therein.

"From the use of the word 'grant' in any conveyance by which an estate of inheritance or fee simple is to be passed, the following covenants, and none other, on the part of the grantor for himself, and his heirs, to the grantee, his heirs and assigns are implied, unless restrained by express terms contained in such conveyance:

"1. That previous to the time of the execution of such conveyance, the grantor has not conveyed the same estate, or any right, title, or interest therein, to any person other than the grantee.

"2. That such estate is, at the time of the execution of such conveyance, free from all encumbrance done, made or suffered by the grantor, or any person claiming under him.

"The case fails to show a breach of any of these implied covenants; and it is not pretended that there was any breach of the express covenant for quiet enjoyment."

And the defendant was denied any relief.

See, also, *Gates* v. *McLean*, 70 Cal. 42, [11 Pac. 489]; *Rohrer* v. *Bila*, 83 Cal. 54, [23 Pac. 274]; *Worley* v. *Nethercott*, 91 Cal. 512, [25 Am. St. Rep. 209, 27 Pac. 767]; *Marshall* v. *Caldwell*, 41 Cal. 611.

In other jurisdictions the decisions are to the same effect, thus: In *Hawkins* v. *Wells*, 17 Tex. Civ. App. 360, [43 S. W. 816], it is said: "The deed expressed the contract between the parties; and the presumption of law is that Hawkins acted upon his own knowledge of the title, and he will not be heard to complain that he did not receive a perfect title, unless some misrepresentation was made, upon which he was authorized to, and did, rely in making the contract, that will entitle him to relief. Even where there are no covenants as to title, none will be implied in this state, except as to a prior conveyance by the grantor, and that such estate is free from encumbrances, which include

taxes, assessments, and all liens upon real property. Where there has been no fraud, mistake, or accident, a purchaser who has taken a deed without covenants has no right, for a defect in the title, to retain the purchase money, or to recover it in case of payment.''

In *Wheat* v. *Dotson*, 12 Ark. 699, it is said: ''In this class of cases both on principle and authority, no defect of title that does not amount to a total failure of consideration can be set up as a defense to the suit for the purchase money.''

Respondent, in his brief, apparently concedes the position that where there is only a partial failure of consideration the vendee cannot recover back a part of the money paid, but must rely upon the covenants of his deed, but, his position in this case is that ''there was a total failure of consideration as to a distinct and obviously and easily severable part of the property which the defendant purported and attempted to convey to plaintiff.'' And, again he states: ''It is an action for a total failure of consideration as to a definite, distinct and several property interest, the ascertainment of which is a mere matter of mathematical computation.''

There are some cases holding that where a contract relates to personal property a partial want or failure of consideration of title may be shown in reduction of damages, but we have found no well-considered case, and certainly none in this state, holding that the same rule applies as to real estate conveyed by an ordinary grant deed. The distinction is clearly stated in *Bowley* v. *Holway*, 124 Mass. 395, wherein it is said: ''In an action for the price of the land sold and conveyed by deed with the usual covenants of title, the defendant cannot, in the absence of fraud, avail himself, in defense, of a partial failure of title by way of recompense or in reduction of damages, but his only remedy is on the covenants of the deed.

''In suits to recover the price of personal property sold, it is well settled that a partial want or failure of title may be shown in defense, in reduction of damages. This rule is adopted to avoid circuity of action, because all the rights of the parties growing out of the same transaction can be justly and conveniently settled in one suit.''

The error, it seems to us, in the plaintiff's position, is found in the erroneous application of the phrase, "a total failure of consideration." There are cases holding that where there is a total failure of consideration no rescission is necessary before bringing an action to recover back the money paid. The consideration for what? The answer must be the consideration for the contract existing between the parties. Thus, in *Richter* v. *Union Land & Oil Stock Co.*, 129 Cal. 367, [62 Pac. 39], the expression is used: "Nor, where the failure of the consideration is total—which implies, of course, that *nothing of value has been received under the contract* by the party seeking to rescind—is it necessary that a formal rescission be made before bringing suit."

[1] The consideration referred to is the consideration for the contract—in this case, the deed. There was not a total failure of consideration for the deed which the plaintiff received from the defendant. It conveyed to him an undivided one-fourth interest in the property which he still retains, and does not offer to surrender.

Counsel's argument is based upon the theory that there must have been a consideration for the three-fourths of the money which he paid, and that, not having received any consideration for that part of the money, there was a total failure of consideration, but, as stated, the consideration referred to is the consideration for the delivery to him of the deed, and by no process of reasoning can it be held that the deed was without consideration.

The opening sentence of respondent's brief states his position, wherein it is said: "This is an action for money had and received, and is based upon the total (not as stated by appellant's counsel a *partial*) failure of title to a distinct and severable interest in real property which defendant attempted to but failed to convey to plaintiff." The error in plaintiff's position, running all through his argument, is in assuming that the expression, "total failure of title to a distinct and severable interest in real property," is the equivalent of the expression, "a total failure of consideration for the deed." They are not the same in meaning and bear little resemblance to each other.

We have examined all the cases cited by counsel, but do not find any sustaining his position when the facts are carefully considered. Some of them relate to sales of personal property (as to which the rule seems to be different) and some of them were cases where there was a total failure of consideration. We deem it unnecessary to review them. The law in California seems to be settled that where there is a partial failure of consideration for a grant deed without other covenants the vendée cannot maintain *assumpsit* for the money paid. He is restricted to his remedy on the covenants of the deed.

Whether, under the facts disclosed by this record, the plaintiff could have rescinded the whole transaction and maintained an action to recover back the money paid, we need not consider, as it is not claimed there has been a rescission. On the record before us, we are of opinion the plaintiff was not entitled to recover anything, and, therefore, the judgment is reversed.

Hart, J., and Burnett, J., concurred.